**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED DECEMBER 5, 2001**

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v                                              No. 118373

WILLIAM ORVILLE HEGWOOD,

Defendant-Appellant.

_____

PER CURIAM

The defendant pleaded guilty to three drug offenses.  At sentencing, the circuit court chose to ignore the legislative sentencing guidelines that it was required to consider, erroneously stating that the Legislature had overstepped its role.  We disagree.  Therefore, we remand this case to the circuit court for resentencing.

I

The defendant was charged with sixteen counts of obtaining controlled substances (Soma, Tylenol # 4, and Xanax) by fraud.  MCL 333.7407(1)(c).  The offense is punishable by

a maximum term of four years in prison. The information stated an offense date of "December 1998-March 2000" for all counts. The defendant also was notified that he faced enhanced sentencing as a fourth-time felony offender. MCL 769.12.

In May 2000, the defendant pleaded guilty to three counts of obtaining drugs by fraud.[1] The parties agreed that he would be sentenced as a third-time offender, so that the maximum term was raised from four years to eight years.

The presentence report explained that the defendant was engaged in a lucrative business. Using a variety of names, and visiting many doctors in the Thumb and surrounding regions, he obtained large quantities of pain pills for an alleged back condition. He then sold the pills to drug dealers in Oakland County. His income from this scheme may have reached $7,000 per week. Evidence seized at the time of his arrest left little doubt about the carefully organized nature of this undertaking.

At the defendant's August 2000 sentencing, the parties discussed the offense dates. Without mentioning that the legislative sentencing guidelines[2] took effect on January 1,

---

[1] In exchange for the plea, the prosecuting attorney dismissed the remaining counts in this case, and dismissed an unrelated file.

[2] MCL 777.1 *et seq*.

2

1999,[3] defense counsel and the court agreed to a December 1999 offense date.[4]

The legislative sentencing guidelines provided a range of zero to twenty-five months for the minimum sentence.[5] The presentence investigator recommended a one-year term in the county jail. Defense counsel sought a term of probation, with a requirement that the defendant participate in drug treatment. The prosecuting attorney urged that the defendant be sentenced to prison. In the alternative, he suggested that jail time be combined with a "substantial period" of probation.

At sentencing, the circuit court discussed the background of the case, and asserted the court's ability to employ

---

[3] MCL 769.34(2) provides that, with certain exceptions not pertinent to this case, "the minimum sentence imposed by a court of this state for a felony enumerated in [MCL 777.11 through MCL 777.19] committed on or after January 1, 1999 shall be within the appropriate sentence range under the version of those sentencing guidelines in effect on the date the crime was committed."

[4] At sentencing, no one suggested that the judicial sentencing guidelines, which preceded the legislative sentencing guidelines, were applicable to this case. See MCL 769.34(1).

[5] The current guidelines apply to persons, such as the defendant, receiving enhanced sentences. MCL 777.21(3). The former judicial guidelines did not. Michigan Sentencing Guidelines, Second Edition (1988), page 6.

"common sense" in evaluating the facts.[6]  Following those

[6] In this regard the Court stated:

> [I]t has been claimed that the representations made in the report, and the conclusions made by the agent that the individual before the Court is a drug dealer are inaccurate, and untrue.
>
> That he doesn't make a lot of money dealing drugs.  That those are false claims, or false accusations made by an individual whose motivation is vindictiveness, or whatever.
>
> But, you know I can draw my own conclusions as a Judge.  I don't throw my common sense out the window when I get on the bench.  And I mean I pick my pickles and I come to work.
>
> I can use my common sense when I arrive here, and simply I understand the facts and circumstances that have been presented to me, that if this individual were consuming all of these drugs that he was obtaining by this fraudulent method, I mean prescription of over 200 pills, he'd be dead.
>
> So I can draw the logical conclusion, I think he was not only supporting his own addiction, and apparently giving therapy to other individuals on the weekends, but he was also in the business of making a profit, and made a profit.  That's what makes the difference here.  That is the turning point as to the potential disposition of this case.
>
>                    *     *     *
>
> There is no question in my mind that you have considerable problems, and you're supporting the drug trafficking in the State of Michigan by coming to our little sleepy community where the doctors, I suspect, are not as vigilant, or are familiar as they are in the big city.
>
> That's why you want to come up here.  That's why you want to come to our friendly little people in this friendly little town and sweet-talk them in prescribing the drugs that you feel will make you high, and maybe make you feel good.  That's why you're going to prison.

4

remarks, the Court addressed the role of the Legislature in enacting Michigan's new sentencing guidelines:

> I could care less what the legislature through its rule making authority says as to the guidelines that I could impose, or what kind of sentence I would impose.
>
> When the legislature and the senators take over and start becoming judges in the State of Michigan, they can impose the sentences.
>
> But in the meantime we still have separate and co-equal branches of government, wherein it's my position and my responsibility, my authority to fix the sentence when someone is convicted of a felony.
>
> And I'm an elected official, I hold this office because the people of this county and this state entrusted with me the power and the authority to enforce the criminal laws of this state. You're a con. I believe you belong in prison.

The circuit court then sentenced the defendant to concurrent, enhanced terms of four to eight years in prison.

After the Court of Appeals denied his delayed application for leave to appeal,[7] the defendant applied to this Court for leave to appeal.

## II

This case presents an issue concerning the proper application of the statutory sentencing provisions, including MCL 777.1 *et seq*. and 769.34. Therefore, we review this

---

> This is not a probationable consideration. Probation is a matter of grace, not a matter of right.

[7] Unpublished order entered December 27, 2000 (Docket No. 230843).

5

matter de novo.  *People v Thousand*, 465 Mich 149, 156; 631 NW2d 694 (2001).

### III

As the Court of Appeals explained in *People v Babcock*, 244 Mich App 64, 68; 624 NW2d 479 (2000), the ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature.  Const 1963, art 4, § 45.[8]  The authority to impose sentences and to administer the sentencing statutes enacted by the Legislature lies with the judiciary.  See, e.g., MCL 769.1(1).[9]

It is, accordingly, the responsibility of a circuit judge to impose a sentence, but only *within the limits* set by the Legislature.  *People v Milbourn*, 435 Mich 630, 651; 461 NW2d 1 (1990).[10]  For example, no matter how unusual the circumstances

---

[8]

> The legislature may provide for indeterminate sentences as punishment for crime and for the detention and release of persons imprisoned or detained under such sentences. [Const 1963, art 4, § 45.]

[9]

> A judge of a court having jurisdiction may pronounce judgment against and pass sentence upon a person convicted of an offense in the court.  The sentence shall not exceed the sentence prescribed by law.  [MCL 769.1(1).]

[10] We said in *Milbourn* that judicial sentencing discretion should be exercised "within the legislatively prescribed range."  That statement came in a discussion of the "principle of proportionality."  435 Mich 651.  The Court of Appeals indicated in *Babcock* that the principle of proportionality is not part of the legislative guidelines, and that there will be no appellate review of sentence length in cases in which there

of an offense or an offender, a judge is constrained by the Legislature's determination of the maximum penalty and, if applicable, the minimum penalty. Thus, a judge cannot impose a twenty-year maximum sentence on an especially depraved individual convicted of unarmed robbery (a fifteen-year offense).[11] Nor can a judge impose a one-year sentence on a previously upright citizen who has been convicted of felony-firearm (punishable with a flat two-year term for first-time offenders).[12]

Sentencing guidelines in Michigan have existed through two distinct eras. From 1983 though 1998, Michigan's courts employed guidelines crafted by this Court and promulgated by administrative order.[13] The effort reflected this Court's

---

is a substantial and compelling reason to depart from the recommended minimum stated in the legislative guidelines. 244 Mich App 77-78. In this regard, however, we observe that the statute provides, "A court may depart from the appropriate sentence range established under the [guidelines] if the court has a substantial and compelling reason for *that* departure . . . ." (Emphasis supplied.) MCL 769.34(3). In light of such language, we do not believe that the Legislature intended, in every case in which a minimal upward or downward departure is justified by "substantial and compelling" circumstances, to allow unreviewable discretion to depart as far below or as far above the guideline range as the sentencing court chooses. Rather, the "substantial and compelling" circumstances articulated by the court must justify the *particular* departure in a case, i.e., "that departure."

[11] MCL 750.530.

[12] MCL 750.227b(1).

[13] Administrative Order Nos. 1983-3, 417 Mich cxxi; 1984-1, 418 Mich lxxx; 1985-2, 420 Mich lxii; and 1988-4, 430 Mich

7

attempt to respond to unwarranted disparities in sentencing practices between judges.[14]  Thus, the very premise of the guidelines is that judicial discretion will be restricted to a certain degree.

This Court's sentencing guidelines were "mandatory" only in the sense that the sentencing court was obliged to follow the procedure of "scoring" a case on the basis of the circumstances of the offense and the offender, and articulate the basis for any departure from the recommended sentence range yielded by this scoring.  However, because the recommended ranges found in the judicial guidelines were not the product of legislative action, a sentencing judge was not necessarily obliged to impose a sentence within those ranges. *Milbourn* at 656-657; *People v Raby*, 456 Mich 487, 496-497; 572 NW2d 644 (1998).

Effective January 1, 1999, the state of Michigan embarked on a different course.  By formal enactment of the Legislature, Michigan became subject to guidelines with sentencing ranges that *do* require adherence.  MCL 777.1 *et seq*.

---

ci.  See also Administrative Order Nos. 1998-2, 459 Mich clxxii, and 1998-4, 459 Mich clxxv.

[14] McComb, *An overview of the second edition of the Michigan Sentencing Guidelines*, 67 Mich B J 863 (September, 1988).

At the time it enacted these guidelines, the Legislature opted for a system with many features that were easily recognizable by courts familiar with the format previously employed in Michigan. The transition to the new guidelines was facilitated by this choice since Michigan's sentencing judges were acquainted with, and fully understood, concepts such as prior record variables, offense variables, and sentencing ranges.

However, the similarity between the pre-1999 judicial guidelines and the current legislative guidelines may have misled some courts into believing that application of the current guidelines is governed by previous principles. That may have been the court's impression in the present case. Yet it is apparent that the Legislature has provided new ground rules. As one example, a decision such as *Raby*, holding that a scoring error cannot form the basis of appellate relief, 456 Mich 496, now must give way to the requirement of MCL 769.34(10), which expressly permits sentence appeals on that basis.

Because the new guidelines are the product of legislative enactment, a judge's discretion to depart from the range stated in the legislative guidelines is limited to those circumstances in which such a departure is allowed by the Legislature. The present language of MCL 769.34(3) states:

> A court may depart from the appropriate sentence range established under the sentencing

guidelines set forth in chapter XVII if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure.

By comparison, the more open-ended "departure policy" of the judicial guidelines stated:

Whenever the judge determines that a minimum sentence outside the recommended minimum range should be imposed, the judge may do so.[15]

In the present case, the circuit court stated several reasons for the sentence it imposed. The court characterized the defendant as "a professional criminal" and described his conduct as "inexcusable." At no point, however, did the court appear to recognize that it was permitted to depart from the range prescribed by the Legislature only "if the court has a substantial and compelling reason for that departure and states on the record the reason for departure."[16] MCL 769.34(3). Instead, the court opined, "When the legislature and the senators take over and start becoming judges in the State of Michigan, they can impose the sentences." These remarks demonstrate the court's misunderstanding in this case of the respective roles of Michigan's separate branches of government. Contrary to the circuit court's view, the

---

[15] Michigan Sentencing Guidelines, Second Edition (1988), page 7.

[16] In MCL 769.34(3), the Legislature states a rule that makes no apparent distinctions between "upward departures" that increase the sentence beyond the length stated in the guidelines and "downward departures" that decrease the sentence below the length stated in the guidelines.

Legislature may impose restrictions on a judge's exercise of discretion in imposing sentence.

For these reasons, we vacate the sentence in this case, and remand it to the circuit court for resentencing consistent with the law.[17]  MCR 7.302(F)(1).

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

---

[17] The defendant asks that the resentencing occur before a different judge.  In this instance however, the court's error appears to be a function of its incorrect understanding of the new sentencing structure that now exists in Michigan, and not to any prejudices or improper attitudes regarding this particular defendant.  Therefore, we see no reason to assign a different judge to conduct the sentencing.  See *People v Evans*, 156 Mich App 68, 71-72; 401 NW2d 312 (1986), and following cases such as *People v Pillar*, 233 Mich App 267, 270-271; 590 NW2d 622 (1998).