Per Curiam.
 

 Defendant pleaded guilty to a charge of delivery of less than fifty grams of cocaine, MCL 333.7401(2) (a) (iv). He was sentenced to lifetime pro
 
 *516
 
 bation and was placed in a special alternative incarceration (sai) program pursuant to MCL 771.3b. Defendant appeals by delayed leave granted. We vacate defendant’s sentence and remand for re-sentencing.
 

 Defendant argues that the trial court lacked authority to sentence him to the SAI program. This case presents an issue concerning the proper application of § 3b that we review de novo.
 
 People v Hegwood,
 
 465 Mich 432, 436; 636 NW2d 127 (2001).
 

 The offense of which defendant was convicted occurred on May 5, 2000. Therefore, the legislative sentencing guidelines apply.
 
 Id.
 
 at 438. It is the responsibility of a circuit court to impose a sentence, but only within the limits set by the Legislature.
 
 Id.
 
 at 437.
 

 The offense of delivery of less than fifty grams of cocaine is punishable by imprisonment “for not less than 1 year nor more than 20 years, and may be fined not more than $25,000.00, or placed on probation for life.” MCL 333.7401(2)(a)(iv). With respect to this offense, the sentencing guidelines statute expressly provides:
 

 (4) Intermediate sanctions shall be imposed under this chapter as follows:
 

 (b) If the offense is a violation of section 7401(2) (a) (iv) ... of the public health code, 1978 PA 368, MCL 333.7401 . . . and the upper limit of the recommended minimum sentence range is 18 months or less, the court shall impose a sentence of life probation absent a departure. [MCL 769.34(4)(b).]
 

 
 *517
 
 The legislative sentencing guidelines provided a range of zero to eleven months. The trial court was therefore authorized to impose a sentence of lifetime probation. The question presented is whether the additional placement of defendant in the sai program is authorized by statute.
 

 MCL 771.3b provides that certain conditions
 
 shall
 
 be met before a defendant can be eligible for a special alternative incarceration program. Subsection 3b(2)(c) states a person is eligible for an sai program if “[t]he felony sentencing guidelines upper limit for the recommended minimum sentence for the person’s offense is 12 months or more . . . ,”
 
 [1]
 
 The plain and unambiguous meaning of this statutory language is clear, and therefore judicial construction is neither necessary nor permitted.
 
 People v Philabaun,
 
 461 Mich 255, 261; 602 NW2d 371 (1999);
 
 Toth v Auto-Alliance Int’l (On Remand),
 
 246 Mich App 732, 737; 635 NW2d 62 (2001). The sentencing guidelines upper limit in this case is indisputably eleven months. Clearly, the mandatory requirements for placement in the SAI program were not met, and therefore the trial court did not have authority to sentence defendant to the SAI program.
 
 [2]
 

 The prosecutor argues that the sentence imposed constituted a permissible departure from the guidelines pursuant to MCL 333.7401(4). This argument need not be considered under the facts of this case.
 
 *518
 
 The court expressly stated that it had no intention of departing from the guidelines and that it was merely following the recommendation of the Department of Corrections.
 
 [3]
 

 Defendant’s sentence is vacated and the case is remanded to the trial court for resentencing. Jurisdiction is not retained.
 

 [1]
 

 The exceptions to this requirement are not applicable in this case. The offense of which defendant was convicted is covered by the felony sentencing guidelines, and there is no indication that the reason for placement in the program is that defendant violated the terms of any probation.
 

 [2]
 

 Given this resolution, we need not address defendant’s argument regarding the constitutionality of the provisions of MCL 769.34(10) and (11) that purportedly limit this Court’s appellate review.
 

 [3]
 

 Although the prosecutor correctly notes that the offense of which defendant was convicted was subject to a mandatory minimum sentence despite the legislative sentencing guidelines, see MCL 769.34(2)(a), the mandatory minimum sentence for any given offense is not relevant to MCL 771.3b, the plain language of which refers specifically to the felony sentencing guidelines and not to the required sentence.