# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 3, 2005

127795

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

PAUL T. HENDRIX,
      Defendant-Appellant.

SC: 127795
COA: 257591
Oakland CC: 2002-185833-FC
               2002-187092-FC

_____/

On order of the Court, the application for leave to appeal the December 17, 2004 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals as on leave granted. We DIRECT that court to consider whether the trial court articulated substantial and compelling reasons for "this" particular departure, see *People v Hegwood*, 465 Mich 432, 437 n 10 (2001), and *People v Babcock*, 469 Mich 247 (2003), and whether the sentence imposed by the trial court is proportionate.

We do not retain jurisdiction.

WEAVER, J., dissents and states as follows:

I dissent because I totally disagree with the majority's decision to remand this case to the Court of Appeals to determine whether the trial court articulated "a substantial and compelling reason"[1] for an upward departure of approximately 31 years from the minimum sentence provided by the guidelines and whether the sentence is proportionate.

The trial court in this case satisfied the requirement to articulate "a substantial and compelling reason" for its departure from the guidelines, and, given that this case involves repeated criminal sexual misconduct with minor children by a "serial child sex

---

[1] MCL 769.34(3).

abuser,"[2] the trial court's decision did not venture beyond the range of principled outcomes under the circumstances.  Therefore, I would deny leave to appeal.

The Michigan Legislature has enacted guidelines regarding minimum sentences to be imposed by state courts. MCL 769.34.  The guidelines permit upward and downward departures:

> A court may depart from the appropriate sentence range established under the sentencing guidelines set forth in chapter XVII if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure.  [MCL 769.34(3).]

Had the trial court not departed from the guidelines in this case, defendant's minimum sentence would have fallen between 135 and 225 months.  But the trial court, noting that defendant had been convicted of five counts of repeated sexual misconduct with minor children, determined that an upward departure was necessary and imposed a minimum sentence of 50 years' imprisonment.  The trial court articulated the following reasons for its approximately 31-year departure:

> The Court finds that substantial and compelling reasons justify the departure from the sentencing guidelines in connection with this count if not all the counts.  The reasons include the following.  The Defendant has been convicted of five counts of Criminal Sexual Conduct involving minors.  Those convictions involve more than one victim.  Those convictions also involve same gender sexual abuse.

> Moreover any attempts of remorse or understanding of the grave nature of these crimes is simply incredible.  In the Defendant's description of the offense in the Presentence Investigative Report he is stated to have the attitude that, that [sic] the offenses are nothing more than harmless games and were not meant for any kind of gratification.  Now that's a paraphrase of what he said, I understand that's not a direct quote.

> The Court has carefully observed the Defendant's prior appearances before the Court and today.  The record shall reflect the Court finds the Defendant's mannerisms, facial expressions, and other indicators of truthfulness or remorse to be without merit.

> I understand the Court of Appeals does not have the ability when examining the cold transcript to observe what I observed, the transcript does not reflect the climate or atmosphere of this and prior proceedings or his character.  I have witnessed a disingenuous man whose statements . . . should be disregarded.

---

[2] Trial court sentencing transcript, p 16.

Furthermore, the Defendant undertook a pattern of repeated sexual conduct—misconduct with minors. These were not isolated, discreet incidents. These incidents do not have spontaneity. To the contrary, Defendant clearly engaged in continuous repeated and deliberate patterns of Criminal Sexual Conduct involving more than one victim.

Indeed the Defendant engaged in a series of premeditated acts purposefully creating circumstances or taking advantages of circumstances by which he could be alone with and victimize young children. Although I will not repeat the Defendant's, the agent's description of the offenses here, they involve creating opportunities to prey upon the children of his friends. By doing so he corrupted, scarred and stained the lives of the victims and the families of the victims with his wilful, wanton, and despicable behavior and he breached positions of trust as well.

This Court has also reviewed correspondence from a number of interested parties, half of which paint him as an innocent angel and the other half painting him as an evil, wicked man who must be placed in prison to protect society.

The Court finds unequivocally that the latter description is appropriate. One of the victims' father[s] has written the Defendant went on a relentless pursuant [sic] to befriend him and his young son and he believes that the Defendant did so to position himself to sexually molest his son.

The Defendant's older sister has written that the Defendant sexually assaulted two of his (sic) sons. In other words, his own nephews when they were young children. The Defendant's oldest brother has written and has asked for a life sentence for his brother and characterized him as a serial rapist. He states that the Defendant raped his daughter when she was eight years old.

The Defendant's niece states that she was molested when she was five or six years old, that she personally knows many other victims.

I want to make clear right here and right now that I'm not sentencing the Defendant for crimes for which he has not been tried or convicted.

Nevertheless justice dictates in a case such as this the Court must not have a blind eye to the unrelenting serial nature of the crimes for which he has been convicted, the nature of which are illuminated in form by the allegations of parallel conduct surrounding the Defendant. There is every indication from the record the Defendant is a serial child sex abuser who will simply take up where he leaves off.

A light sentence would be putting our children at risk and a grave miscarriage of justice. In pronouncing the sentence the Court must punish

the crimes that have been committed and protect society at large. The crimes committed demand a substantial upward departure. Protecting society in this case demands a substantial upward departure. In fact if an upward departure from the guidelines is not warranted in the instant case, the guidelines should be burned now because there would rarely be more forthright justification for an upward departure.[3]

The trial court's statement indicates and the record confirms that defendant engaged in continuous, repeated, and deliberate criminal sexual conduct with several young victims. The presentence investigation report provided to the trial court indicated that defendant befriended two preteen boys who were the sons of defendant's friends. Over an approximately two-year period, defendant repeatedly sexually molested both boys. The molestation included frequent oral and anal sex: one victim stated that defendant performed anal sex and "things of this nature happened so many times . . . that it [was] hard to remember all of them."[4] Another victim reported that after one such incident, "it hurt so much that he could barely walk and there was blood on the floor and lotion on the nightstand."

Defendant purposely created opportunities to prey upon these young children, took advantage of them, breached their trust, and evidently still does not view his actions as criminal, calling them "harmless games."[5] Defendant is characterized by the trial court as "a serial child sex abuser who will simply take up where he leaves off"[6] as long as young children are within reach. It simply cannot be said that these are not well-articulated, substantial, and compelling reasons for the departure.

Moreover, it is equally apparent that given defendant's repeated criminal sexual conduct, his refusal to acknowledge the criminal nature of his actions, and the likelihood that he will reoffend and put more youth at risk, it cannot be said that a 50-year minimum sentence is not proportionate because it is beyond the range of principled outcomes. Under these circumstances, such a sentence is within the range of principled outcomes.

When the Legislature passed these sentencing guidelines, it certainly did not have in mind that this Court would engage in overzealous review of a trial court's sentencing authority, where the trial court took pains to clearly indicate that its basis for exceeding the guidelines was the court's firm belief that the defendant would commit additional sex crimes against young children.

---

[3] Transcript, pp 13-17.

[4] Presentence investigation report, p 2.

[5] *Id.*, p 3.

[6] Transcript, p 16.

Remanding and demanding that the Court of Appeals spend any more time considering whether the trial court satisfied its requirement to articulate "a substantial and compelling reason" for sentencing departure, or whether the sentence was proportionate is a waste of judicial resources.[7]

For these reasons, I dissent from the order remanding this case to the Court of Appeals and I would deny leave to appeal.

YOUNG, J., dissents and states as follows:

I would deny leave to appeal and respectfully dissent from the order remanding the matter to the Court of Appeals. The issue that divides me from the majority is not a disagreement with the core principles of sentence articulation set forth in *People v Babcock*.[8] Rather, given the meticulous sentence articulation the trial court made on the record, I am unable to determine the form that the majority believes such an articulation must have in order to pass muster.

In remanding to the Court of Appeals for consideration as on leave granted, the majority has identified two concerns with the sentence articulation at issue: (a) "whether the trial court articulated substantial and compelling reasons for 'this' particular departure" and (b) "whether the sentence imposed by the trial court is proportionate."[9] Under the undisputed horrific facts of this case, I believe that the trial court adequately articulated substantial and compelling reasons justifying the specific upward departure from the sentencing guidelines it imposed. Moreover, given this serial child molester's admitted inability to appreciate that sex with children is a criminal act, coupled with his past criminal sexual conduct, the 50-year minimum sentence imposed was manifestly proportional and necessary to remove the unequivocal risk that defendant poses to children and society.

---

[7] In *People v Babcock*, 469 Mich 247, 282 (2003), I agreed with Justice Corrigan that the majority's approach in that case would result in the remand of innumerable cases and "'create needless additional work for an already overburdened trial bench.'" It is apparent it will also create needless additional work for the Court of Appeals.

[8] In *People v Babcock*, 469 Mich 247 (2003), this Court held that a "'substantial and compelling reason'" justifying a departure from the guidelines must be based on a reason that is objective and verifiable, and that reason must keenly or irresistibly grab the Court's attention. The reason must be of considerable worth in deciding the length of the sentence. *Id.* at 257-258. Furthermore, "the trial court must articulate on the record a substantial and compelling reason to justify the particular departure imposed." *Id.* at 260.

[9] See *Babcock*, *supra* at 264.

Defendant was originally charged with ten counts of criminal sexual conduct involving three boys. In exchange for the dismissal of five counts, defendant pleaded no contest to three counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct. The trial court noted that evidence of guilt was undisputed. One of the victims indicated that after one incident of sexual assault, the victim's penis "hurt so much that he could barely walk" and that there was "blood on the bedroom floor." The same victim indicated that he had been raped by defendant "so many times" that it was "hard to remember all of them." Although denying that he engaged in anal penetration, defendant freely admitted during the presentence investigation that he molested, fondled and had oral sex with the eleven- and twelve-year-old victims, conduct he described as "nothing more than harmless games."

In imposing a 50-year minimum sentence for one of the five counts of rape, the trial court articulated several reasons for departing from the sentencing guidelines by 31 years: (1) defendant "engaged in continuous, repeated and deliberate patterns" of sexually assaulting young children; (2) defendant purposely created "opportunities to prey upon the children of his friends"; and (3) by preying upon these children, defendant breached the positions of trust with the victims and their families. The trial court noted that it had received letters from defendant's siblings, indicating that defendant had molested his niece and two nephews. Defendant's brother asked the court to impose a life sentence because his brother was a "serial rapist." The trial court made clear that, although defendant was not being sentenced for these uncharged crimes, there was "every indication from the record" that defendant was "a serial child sex abuser who will simply take up where he leaves off."

As noted, the trial court imposed an upward departure of 31 years, making plaintiff's minimum sentence 50 years. Given the reasons stated on the record, I believe that the trial court satisfied all of the articulation burdens identified in *Babcock*. The extent of the departure and its proportionality were more than justified by the defendant's serial sexual assaults on children and his failure to understand that sex with children was wrong and, more important, criminal. All of these reasons were plainly stated on the record by the trial court.

If there were any remaining doubt that the trial court believed that a 31-year upward departure was required, based on the crimes committed and the need to protect society at large from a man who failed to appreciate the criminality of his actions, these were completely resolved because *defendant challenged* the sentence by moving for resentencing. In denying the motion for resentencing, the trial court noted that the guidelines failed to consider the "sheer number of times" the victims had been assaulted. Moreover, the court took note of defendant's statements indicating that defendant did not believe that his conduct was wrong because he was engaging in "consensual sex" that amounted to "nothing more than harmless games." Significantly, the court further took note of defendant's *own* medical expert, who concluded that the criminality of

defendant's acts "did not seem to register," because defendant claimed to have a "love relationship" with an eleven- or twelve-year-old boy and believed that "sex play" was not "harmful" as long as it was "mutual." The trial court concluded:

> The firm conviction of this Court, as previously articulated on the record, is that society absolutely needs to be protected from the defendant as long as possible; releasing defendant prior to the end of the sentence rendered in the upward departure would place society at grave risk. [Emphasis added.]

Clearly, the trial court listed substantial and compelling reasons that were objective and verifiable. Given the horrific nature and extent of the crimes committed, as well as defendant's admitted predilection to commit the same crimes again, it cannot be seriously argued that the reasons supplied by the trial court do not keenly or irresistibly grab this Court's attention. My colleagues appear to accept that the sentence departure was supported by substantial and compelling reasons as defined in *Babcock*. Given the very substantial record the trial court made on why it imposed a 50-year minimum sentence, I am uncertain what kind of articulation my colleagues require to satisfy the "particularity" element of *Babcock*—that is, why they believe the trial court failed to articulate how the substantial and compelling reasons given for the departure justified *the particular departure imposed*.

I am equally at a loss to understand why the majority also seems concerned that this 50-year sentence for a predatory serial child rapist who believes that his "sex play" with multiple children was "nothing more than harmless games" lacks proportionality. On this record, defendant as much as declared that, if free to do so, he would continue to rape children. If a 50-year minimum sentence cannot be justified on this record, then this Court ought simply tell the trial courts of this state that they no longer have discretion for the protection of society to incarcerate repeat predators for very long prison terms.

Because even a cursory inspection of this sentencing record reveals more than ample justification for the sentence imposed, it appears that the majority requires some more formulaic articulation. If so, this Court ought to save the Court of Appeals the trouble of a remand and tell one and all now what that formulation is.

For these reasons, I would deny leave to appeal.

CORRIGAN, J., joins the dissenting statement of YOUNG, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 3, 2005

*Corbin R. Davis*
Clerk

t1031