# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 13, 2006

127795

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

PAUL T. HENDRIX,
      Defendant-Appellant.

SC: 127795
COA: 257591
Oakland CC: 2002-185833-FC
      2002-187092-FC

_____/

On order of the Court, the application for leave to appeal the December 17, 2004 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

WEAVER, J., concurs and states as follows:

I concur with the denial order and agree with the majority's decision to deny leave to appeal.

The trial court in this case satisfied the requirement to articulate "a substantial and compelling reason"[1] for its departure from the guidelines, and, given that this case involves repeated criminal sexual misconduct with minor children by a "serial child sex abuser,"[2] the trial court's decision did not venture beyond the range of principled outcomes under the circumstances. Therefore, denial of leave to appeal is appropriate.

The Michigan Legislature has enacted guidelines regarding minimum sentences to be imposed by state courts. MCL 769.34. The guidelines permit upward and downward departures:

---

[1] MCL 769.34(3).

[2] Trial court sentencing transcript, p 16.

A court may depart from the appropriate sentence range established under the sentencing guidelines set forth in chapter XVII if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure. [MCL 769.34(3).]

Had the trial court not departed from the guidelines in this case, defendant's minimum sentence would have fallen between 135 and 225 months. But the trial court, noting that defendant had been convicted of five counts of repeated sexual misconduct with minor children, determined that an upward departure was necessary and imposed a minimum sentence of 50 years' imprisonment. The trial court articulated the following reasons for its approximately 31-year departure:

The Court finds that substantial and compelling reasons justify the departure from the sentencing guidelines in connection with this count if not all the counts. The reasons include the following. The Defendant has been convicted of five counts of Criminal Sexual Conduct involving minors. Those convictions involve more than one victim. Those convictions also involve same gender sexual abuse.

Moreover any attempts of remorse or understanding of the grave nature of these crimes is simply incredible. In the Defendant's description of the offense in the Presentence Investigative Report he is stated to have the attitude that, that [sic] the offenses are nothing more than harmless games and were not meant for any kind of gratification. Now that's a paraphrase of what he said, I understand that's not a direct quote.

The Court has carefully observed the Defendant's prior appearances before the Court and today. The record shall reflect the Court finds the Defendant's mannerisms, facial expressions, and other indicators of truthfulness or remorse to be without merit.

I understand the Court of Appeals does not have the ability when examining the cold transcript to observe what I observed, the transcript does not reflect the climate or atmosphere of this and prior proceedings or his character. I have witnessed a disingenuous man whose statements . . . should be disregarded.

Furthermore, the Defendant undertook a pattern of repeated sexual conduct—misconduct with minors. These were not isolated, discreet incidents. These incidents do not have spontaneity. To the contrary, Defendant clearly engaged in continuous repeated and deliberate patterns of Criminal Sexual Conduct involving more than one victim.

Indeed the Defendant engaged in a series of premeditated acts purposefully creating circumstances or taking advantages of circumstances by which he could be alone with and victimize young children. Although I

will not repeat the Defendant's, the agent's description of the offenses here, they involve creating opportunities to prey upon the children of his friends. By doing so he corrupted, scarred and stained the lives of the victims and the families of the victims with his wilful, wanton, and despicable behavior and he breached positions of trust as well.

This Court has also reviewed correspondence from a number of interested parties, half of which paint him as an innocent angel and the other half painting him as an evil, wicked man who must be placed in prison to protect society.

The Court finds unequivocally that the latter description is appropriate. One of the victims' father[s] has written the Defendant went on a relentless pursuant [sic] to befriend him and his young son and he believes that the Defendant did so to position himself to sexually molest his son.

The Defendant's older sister has written that the Defendant sexually assaulted two of his (sic) sons. In other words, his own nephews when they were young children. The Defendant's oldest brother has written and has asked for a life sentence for his brother and characterized him as a serial rapist. He states that the Defendant raped his daughter when she was eight years old.

The Defendant's niece states that she was molested when she was five or six years old, that she personally knows many other victims.

I want to make clear right here and right now that I'm not sentencing the Defendant for crimes for which he has not been tried or convicted.

Nevertheless justice dictates in a case such as this the Court must not have a blind eye to the unrelenting serial nature of the crimes for which he has been convicted, the nature of which are illuminated in form by the allegations of parallel conduct surrounding the Defendant. There is every indication from the record the Defendant is a serial child sex abuser who will simply take up where he leaves off.

A light sentence would be putting our children at risk and a grave miscarriage of justice. In pronouncing the sentence the Court must punish the crimes that have been committed and protect society at large. The crimes committed demand a substantial upward departure. Protecting society in this case demands a substantial upward departure. In fact if an upward departure from the guidelines is not warranted in the instant case, the guidelines should be burned now because there would rarely be more forthright justification for an upward departure.[3]

---

[3] Transcript, pp 13-17.

The trial court's statement indicates and the record confirms that defendant engaged in continuous, repeated, and deliberate criminal sexual conduct with several young victims. The presentence investigation report provided to the trial court indicated that defendant befriended two preteen boys who were the sons of defendant's friends. Over an approximately two-year period, defendant repeatedly sexually molested both boys. The molestation included frequent oral and anal sex: one victim stated that defendant performed anal sex and "things of this nature happened so many times . . . that it [was] hard to remember all of them."[4] Another victim reported that after one such incident, "it hurt so much that he could barely walk and there was blood on the floor and lotion on the nightstand."[5]

Defendant purposely created opportunities to prey upon these young children, took advantage of them, breached their trust, and evidently still does not view his actions as criminal, calling them "harmless games."[6] Defendant is characterized by the trial court as "a serial child sex abuser who will simply take up where he leaves off"[7] as long as young children are within reach. It simply cannot be said that these are not well-articulated, substantial, and compelling reasons for the departure.

Moreover, it is equally apparent that given defendant's repeated criminal sexual conduct, his refusal to acknowledge the criminal nature of his actions, and the likelihood that he will reoffend and put more youth at risk, it cannot be said that a 50-year minimum sentence is not proportionate because it is beyond the range of principled outcomes. Under these circumstances, such a sentence is within the range of principled outcomes. When the Legislature passed these sentencing guidelines, it certainly did not have in mind that this Court would engage in overzealous review of a trial court's sentencing authority, where the trial court took pains to clearly indicate that its basis for exceeding the guidelines was the court's firm belief that the defendant would commit additional sex crimes against young children.

For these reasons, I concur with the order denying leave to appeal.

KELLY, J., dissents and states as follows:

I would remand this case to the Court of Appeals for consideration as on leave granted. I would direct that Court to consider whether the trial court articulated substantial and compelling reasons for this particular departure from the guidelines

---

[4] Presentence investigation report, p 2.

[5] *Id*.

[6] *Id*., p 3.

[7] Transcript, p 16.

recommendation and whether the sentence imposed is proportionate. See *People v Hegwood*, 465 Mich 432, 437 n 10 (2001), and *People v Babcock*, 469 Mich 247 (2003).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 13, 2006



Clerk

t0110