# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

NICHOLAS DAVID-JOHN DUKE,

Defendant-Appellant.

UNPUBLISHED
April 12, 2016

No. 325473
Wayne Circuit Court
LC No. 14-001625-FH

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

After defendant pleaded guilty to fourth-degree fleeing and eluding, MCL 257.602a(2), the trial court sentenced him to 9 to 24 months' imprisonment and assessed fines and costs including $68 state costs, $130 crime victim assessment fee, $600 court costs, and $400 attorney fees. Defendant appeals by delayed leave granted.[1] We affirm but remand for determination of the factual basis for the costs imposed and a finding to support the expense of providing legal assistance to defendant.

## I

Defendant concedes that the amended version of MCL 769.1k(1)(b)(*iii*) authorizes the trial court's assessment of costs. However, when the court imposed the costs, it was "necessary [to] . . . factually establish the reasonable costs figure." *People v Sanders*, 296 Mich App 710, 715-716; 825 NW2d 87 (2012), overruled by *People v Cunningham*, 496 Mich 145 (2014). See also *People v Konopka (On Remand)*, 309 Mich App 345, 359; 869 NW2d 651 (2015).

The sentencing court delineated the costs imposed as follows: $68 state costs, $130 crime victim assessment fee, $600 court costs, and $400 attorney fees. It imposed the costs without establishing a factual basis that showed the relationship between the costs awarded and the actual costs incurred by the court, as required by MCL 769.1k(1)(b)(*iii*). Although the costs need not have been separately calculated, MCL 769.1k(1)(b)(*iii*), the trial court was required to articulate

---

[1] *People v Duke*, unpublished order of the Court of Appeals, entered May 12, 2015 (Docket No 325473).

-1-

a factual basis for the costs it imposed. In this case, defendant challenged the reasonableness of the costs imposed in his brief on appeal. Thus, remand to the trial court for it to establish a factual basis for the court costs imposed under MCL 769.1k(1)(b)(*iii*) is required.

II

In addition, while language in MCL 769.1k(1)(b)(*iii*) authorizes the trial court to assess costs without separately calculating the costs for the particular case, the attorney fee provision in MCL 769.1k(1)(b)(*iv*) does not include that same language. Compare MCL 769.1k(1)(b)(*iii*) ("any cost reasonably related to the actual costs incurred by the trial court *without separately calculating those costs involved in the particular case . . . .*" (emphasis added)), with MCL 769.1k(*iv*) ("[t]he expenses of providing legal assistance *to the defendant.*" (emphasis added)). When the legislature includes language in one part of a statute that it omits in another, it is assumed that the omission was intentional. *People v McFall*, 309 Mich App 377; 873 NW2d 112 (2015), quoting *People v Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011). Thus, the trial court must establish the cost of providing legal services to the specific defendant at issue when assessing attorney fees under MCL 769.1k(1)(b)(*iv*). On remand the trial court must support its findings related to the expense of providing legal assistance to defendant.

III

Next, defendant challenges the constitutionality of MCL 769.1k(1)(b)(*iii*) by asserting that it deceptively imposes a tax in violation of Const 1963, art 4, § 32, which provides: "Every law which imposes, continues or revives a tax shall distinctly state the tax." The constitutional provision is referred to as the "distinct-statement clause."

> The purpose of this provision "is to prevent the Legislature from being deceived in regard to any measure for levying taxes, and from furnishing money that might by some indirection be used for objects not approved by the Legislature." *Dawson v Secretary of State*, 274 Mich App 723, 747; 739 NW2d 339 (2007) (citations and quotation marks omitted). The Distinct-Statement Clause is violated if a statute imposes an obscure or deceitful tax, *Dukesherer Farms, Inc v Ball*, 73 Mich App 212, 221; 251 NW2d 278 (1977), aff'd 405 Mich 1; 273 NW2d 877; 432 NW2d 721 (1979), such as when a tax is disguised as a regulatory fee, *Dawson*, 274 Mich App at 740. [*Gillette Commercial Operations North America & Subsidiaries*, ___ Mich App ___; ___ NW2d ___ (Docket Nos. 325258 et al, issued September 29, 2015), slip op at 39.]

The first step in examining the constitutional muster of MCL 769.1k(1)(b)(*iii*) is to determine whether it assesses a "governmental 'fee' " or a tax. *Dawson*, 274 Mich App at 740.

> "[Ta]xes and assessments do have a number of elements in common. Both are exactions or involuntary contributions of money the collection of which is sanctioned by law and enforceable by the courts. Here, however, the similarity ends". Exactions which are imposed primarily for public rather than private purposes are taxes. Revenue from taxes, therefore, must inure to the benefit of

all, as opposed to exactions from a few for benefits that will inure to the persons or group assessed. [*Dukesherer Farms*, 405 Mich at 15-16 (citations omitted).]

In distinguishing between a fee and a tax, there are three questions a court must consider:

(1) whether the charge serves a regulatory purpose rather than operates as a means of raising revenue; (2) whether the charge is proportionate to the necessary costs of the service to which it is related; and (3) whether the payor has the ability to refuse or limit its use of the service to which the charge is related. [*Westlake Transp, Inc v Pub Serv Comm*, 255 Mich App 589, 612; 662 NW2d 784 (2003), citing *Bolt v City of Lansing*, 459 Mich 152, 161-162; 587 NW2d 264 (1998).]

In relation to the first factor, this Court has noted that taxes are generally revenue-raising tools, " 'while fees are usually in exchange for a service rendered or a benefit conferred.' " *Dawson*, 274 Mich App at 723, quoting *Westlake Transp*, 255 Mich App at 612. In analyzing whether MCL 769.1k(1)(b)(*iii*) violated the constitutional protections of due process and equal protection under the law, this Court characterized the assessment of costs as a revenue-generating measure. See *Konopka (On Remand)*, 309 Mich App at 369. This Court reasoned that it was "rational[]" to treat criminal defendants differently than civil litigants and held:

Because "the state, including its local subdivisions, is responsible for costs associated with arresting, processing, and adjudicating individuals" who commit criminal offenses, the classification scheme imposing costs on criminal defendants but not civil litigants is "rationally related to the legitimate governmental purpose of generating revenue from individuals who impose costs on the government and society." [*Id.*, quoting *Dawson*, 274 Mich App at 738.]

It is logical to treat the assessment of costs under MCL 769.1k(1)(b)(*iii*) as revenue-generating rather than as a service payment. The service of adjudicating criminal defendants is performed for the benefit of society as a whole, not for the criminal defendant who certainly would prefer to forego detection and criminal proceedings.

To deem an assessment proportional under the second factor, it need not be " 'equal . . . to the amount required to support the services it regulates.' " *Dawson*, 274 Mich App at 740, quoting *Westlake Transp*, 255 Mich App at 615. An assessment is not a tax merely because it "is larger than the costs it would defray." *Dawson*, 274 Mich App at 742. Rather, " 'what is a reasonable fee must depend largely upon the sound discretion of the legislature,' " considering the totality of the circumstances known to that body. *Id.*, quoting *City of Dearborn v State Tax Comm*, 368 Mich 460, 472; 118 NW2d 296 (1962). Courts must " 'presume[] that the amount of the fee is reasonable, unless the contrary appears upon the face of the law itself, or is established by proper evidence.' " *Id.*

MCL 769.1k(1)(b)(*iii*) permits the assessment of "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case." Again, the assessment need not equal the actual cost, so the statutory language does not automatically render the assessment disproportionate.

In *Westlake Transp*, 255 Mich App at 593, 611, this Court considered whether $100 application fees and $100 annual renewal fees for intrastate truckers amounted to a governmental fee or a tax. In support of their claim that the statutorily-imposed costs were a tax, the plaintiffs presented a senate fiscal report that detailed the amounts collected and the manner in which they were expended. *Id.* at 614. "[T]he charts showed that there was a surplus nearly every year," *id.* at 615, which the plaintiffs urged supported their case. However, this Court noted, "the aggregate excess during the thirteen years was only 11.7 percent, a relatively small percentage." *Id.* Accordingly, this Court found no error in the Court of Claims' conclusion "that the fees were not 'wholly disproportionate.' " *Id.*

Here, the state court administrative office (SCAO) is tasked with compiling data, which information could be used to determine the proportionality of the costs assessed under the statute. However, trial courts only began collecting and submitting data in January 2015, and the SCAO has until July 1, 2016 to compile its first report. See MCL 769.1k(7), (9). Accordingly, the evidence defendant could present to establish the unreasonableness of costs assessed under the statute simply does not yet exist.

The third factor relates to the voluntary nature of the assessment; whether the affected individual can "pass" on the service and the fee. Clearly, a criminal defendant has no power to "pass" on his or her prosecution and avoid the underlying costs. Even if a defendant chooses to plead and forego a trial, costs are incurred and assessed.

Given that MCL 769.1k(1)(b)(*iii*) is a revenue-generating measure and the assessment is forcibly imposed against unwilling individuals, we assume for this appeal that it imposes a tax, rather than a governmental fee. Such a tax only violates Const 1963, art 4, § 32 if it is not "distinctly state[d]." *Dawson*, 274 Mich App at 747. A tax is not rendered indistinct merely because the Legislature failed to use that label in the relevant statute. *Id.* The statute need only be stated "clearly enough" to avoid being "obscure or deceitful" regarding the tax. *Dukesherer Farms*, 73 Mich App at 221.

MCL 769.1k(1)(b)(*iii*) does not expressly state that the court costs are taxes, but it is neither obscure nor deceitful. The statute does not state a specific amount to be assessed, but requires the trial court to tax only those costs "reasonably related to the actual costs incurred." In addition, the statute limits the purposes for which the assessed funds may be used. Specifically, the assessed costs may be used to pay salaries and benefits for court personnel, goods and services for the court's operation, and other necessary expenses for the operation and maintenance of court facilities. MCL 7691k(1)(b)(*iii*)(A)-(C). This language prevents the court costs from going towards "objects not approved by the Legislature." *Dawson*, 274 Mich App at 747 (citation and quotation marks omitted). Therefore, MCL 769.1k does not violate the Michigan Constitution's distinct-statement clause.

Finally, defendant contends that MCL 769.1k violates the separation of powers provision of Const 1963, art 3, § 2: "The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." The power to levy taxes lies solely with the Legislature and may not be transferred to another branch or agency. Const 1963, art 9, § § 1-2. The statute, defendant asserts, transfers the power to

impose a tax to collect court costs out of the hands of the legislative branch and into the hands of the judiciary.

We discern no constitutional violation here. We find this situation akin to the legislative delegation of sentencing discretion to trial courts. It is well established that "the ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature," *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001), and the role of the judiciary is to impose and administer the sentencing statutes as enacted, *id.* at 436-437. "[A]s enacted, many sentencing statutes delegate discretion to the trial courts in determining a defendant's appropriate sentence. However, the Supreme Court has proclaimed that "[t]he separation of powers clause . . . is not offended by the Legislature delegating sentencing discretion in part and retaining sentencing discretion in part." *People v Hall*, 396 Mich 650, 658; 242 NW2d 377 (1976).

The trial court properly assessed and imposed costs under MCL 769.1k(1)(b)(*iii*) and we affirm that decision. However, we are bound to remand to the trial court because it failed to "establish a factual basis, under the subsequently amended statute, for the . . . costs imposed." *Konopka (On Remand)*, 309 Mich App at 359. On remand, the court must explain how "the costs imposed were reasonably related to the actual costs incurred by the trial court." *Id.* at 359-360. If the court is unable to do so, it must "alter that figure." *Id.* at 360.

We affirm, but remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

-5-