# Order

Michigan Supreme Court
Lansing, Michigan

June 17, 2016

152827

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
         Plaintiff-Appellee,

v

ANTHONY ALFREDO DELAGARZA,
         Defendant-Appellant.

SC: 152827
COA: 329372
Ottawa CC: 14-038444-FC

_____/

On order of the Court, the application for leave to appeal the November 18, 2015 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

Defendant pleaded guilty to charges of second-degree murder and conspiracy to commit murder. At the plea hearing, the prosecutor explained that "even though [the conspiracy charge] would be a conspiracy to commit murder in the first degree, it would be [sentenced using] the second degree murder grid [of the sentencing guidelines]." The trial court informed defendant that the conspiracy charge "carr[ied] a penalty of up to life in prison" and stated at sentencing that "by virtue of the plea agreement, . . . conviction will enter on the less serious charge of conspiracy to commit second degree murder." Similarly, the judgment of sentence lists the offense as conspiracy to commit second-degree murder. The sentence was to concurrent prison terms of 20 to 40 years. Defendant now has moved to withdraw his conspiracy plea on the basis that he pleaded guilty of conspiracy to commit second-degree murder, which is a nonexistent crime. The trial court denied this motion without significant analysis, suggesting that any error was not prejudicial, and the Court of Appeals denied leave to appeal.

There are two issues in this case, each implicating the trial court's authority to impose a particular sentence for the conspiracy plea. The first is whether, as defendant contends, the sentence is invalid because he was formally sentenced to a nonexistent conspiracy crime. As the Court of Appeals has recognized, a "conspiracy to commit second-degree murder is not a criminal offense," and therefore a trial court abuses its discretion when it fails to grant a defendant's motion to withdraw a plea of guilty to such a nonexistent offense. *People v Hammond*, 187 Mich App 105, 109-113 (1991). I find it compelling here that the formal judgment of sentence states that defendant entered a guilty plea to conspiracy to commit second-degree murder, citing the second-degree murder statute, MCL 750.317; this also reflects the trial court's express statements at

sentencing. As such, I believe defendant has a valid argument that he was sentenced to a nonexistent crime.

The second issue is whether, even assuming the validity of the criminal offense, the trial court lacked the authority to impose the term-of-years sentence given that conspiracy to commit first-degree murder carries a mandatory sentence of life imprisonment. MCL 750.157a(a) provides that a person convicted of conspiracy "*shall* be punished by a penalty equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit . . . ." (Emphasis added.) Consequently, the punishment for conspiracy to commit first-degree murder is the same as the punishment for first-degree murder: "[A] person who commits any of the following [acts] is guilty of first-degree murder and shall be punished by imprisonment for life . . . ." MCL 750.316(1). Thus, a sentence to a term-of-years for this crime would violate the statutorily prescribed penalty. We have held that "[a] sentence is invalid when it is beyond statutory limits . . . ." *People v Miles*, 454 Mich 90, 96 (1997). Because the instant sentence fell below the mandatory minimum, the trial court disregarded the legislatively prescribed limitation on its sentencing discretion and consequently lacked the authority to impose this sentence.

I would remand this case to the Court of Appeals for consideration of both issues and would further reject for the following reasons the trial court's suggestion that the asserted lack of prejudice to defendant renders remand unnecessary. First, each of the errors described implicates the inherent authority of the trial court to impose the sentence it did. We have opined that "[a] sentence may be invalid *no matter whom the error benefits* because sentencing must not only be tailored to each defendant, but [must] also satisfy 'society's need for protection and its interest in maximizing the offender's rehabilitative potential.' " *Id.* at 98 (citation omitted; emphasis added). Second, any lack of prejudice to defendant stands alongside prejudice to the legislative process and thus to the people of this state. The Legislature, and not the judiciary, possesses the power to set criminal penalties. *People v Hegwood*, 465 Mich 432, 436 (2001). Therefore, when a trial court disregards these penalties, it imposes criminal punishments that the Legislature has rejected. Third, I would observe that defendant himself evidently feels aggrieved by his sentence, despite having been expressly informed at the withdrawal-motion hearing that the prosecutor would reinstate the first-degree murder charges with their accompanying mandatory sentences of life imprisonment and having fully acknowledged his understanding of this risk.

Finally, I believe that the issues raised here are of considerable jurisprudential significance because they concern the trial court's encroachment on the Legislature's prerogative to define criminal penalties. Such disregard of mandatory sentences results in the effective nullification of the Legislature's sentencing scheme. This is because a mandatory minimum sentence is clearly designed by the Legislature to operate as a *limitation* on the trial court's sentencing discretion. Once more, "the ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature." *Id*. Permitting trial courts to treat these mandates as mere suggestions can only undermine our penal code. I would remand this case to the Court of Appeals for consideration of these issues and, by this dissent, call this case to the attention of the Legislature.

VIVIANO and BERNSTEIN, JJ., join the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 17, 2016



Clerk

t0614