**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED NOVEMBER 4, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                           No. 123658

DAVID LEE GARZA,

    Defendant-Appellant.

_____

MEMORANDUM OPINION

After assaulting a young woman in the parking lot of a store near Monroe, the defendant pleaded guilty of criminal sexual conduct in the second degree and indecent exposure. MCL 750.520c, 750.335a. The circuit court sentenced the defendant to a term of three to fifteen years in prison.[1] The three-year minimum sentence was within the thirty-six- to seventy-one-month recommendation stated in the

---

[1] The defendant spent a long period in the county jail awaiting disposition of this matter (his alternative was to go back to an Ohio prison). Thus, for indecent exposure,

sentencing guidelines.  MCL 777.64.[2]

The defendant applied to the Court of Appeals, which denied leave to appeal.[3]  He then filed the present application for leave to appeal in this Court.

The defendant argues that the first sentence of MCL 769.34(10) is unconstitutional.  That measure requires the Court of Appeals to uphold a minimum sentence that falls within the guidelines range, provided that the guidelines have been properly scored and the judge has not relied on inaccurate information:

> *If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.*  A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to

---

he was sentenced to time already served.

[2] This case fell into cell E-III of the class C grid set forth in MCL 777.64.

[3] Unpublished order, entered March 27, 2003 (Docket No. 246549).

remand filed in the court of appeals. [MCL 769.34(10) (emphasis supplied).]

The defendant asserts that this legislative directive violates the constitutional principle of separation of powers. Such a constitutional question we review de novo. *DeRose v DeRose*, 469 Mich 320, 326; 666 NW2d 636 (2003).

In presenting this argument, the defendant relies on the Constitution of this state:

> The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution. [Const 1963, art 3, § 2.]

He also notes that Articles I, II, and III of the United States Constitution separately describe the legislative, executive, and judicial power of the nation's government. Finally, the defendant cites cases—none on point—that generally discuss the importance of this concept.

The difficulty with the defendant's position is that a mere statement of the principle of separation of powers does not provide guidance regarding *which* powers belong to which branch of government. Thus, the framers of both the Michigan and United States constitutions stated at length the responsibilities and prerogatives of each branch.

As we explained in *People v Hegwood*, 465 Mich 432, 436-437; 636 NW2d 127 (2001):

3

> [T]he ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature. Const 1963, art 4, § 45. The authority to impose sentences and to administer the sentencing statutes *enacted by the Legislature* lies with the judiciary. See, e.g., MCL 769.1(1). [Emphasis supplied.]

In various eras, and with regard to various offenses, the Legislature has chosen to delegate various amounts of sentencing discretion to the judiciary. At present, for instance, there are offenses with regard to which the judiciary has no sentencing discretion,[4] offenses about which discretion is sharply limited,[5] and offenses regarding which discretion may be exercised under the terms set forth in the sentencing guidelines legislation.[6] In previous years, before the 1999 effective date of the legislative sentencing guidelines, the Legislature provided sentencing discretion that in many instances was virtually without limit.[7]

---

[4] E.g., MCL 750.316 (first-degree murder), MCL 750.227b (possession of a firearm while committing a felony).

[5] E.g., MCL 333.7401 *et seq*. (controlled-substance offenses).

[6] See, generally, MCL 769.34 and MCL 777.1 *et seq*.

[7] This Court's sentencing guidelines were in effect during most of the 1980s and 1990s. Administrative Orders 1983-3, 1984-1, 1985-2, and 1988-4; 417 Mich cxxi (1983), 418 Mich lxxx (1984), 420 Mich lxii (1985), and 430 Mich ci (1988). Pursuant to these orders, the sentencing court was

4

All this is for the Legislature to decide. In MCL 769.34, the Legislature plainly implemented a comprehensive sentencing reform. The evident purposes included reduction of sentencing disparity,[8] elimination of certain inappropriate sentencing considerations,[9] acceptance of this Court's *Tanner*[10] rule,[11] encouragement of the use of sanctions other than incarceration in the state prison system,[12] and resolution of a potential conflict in the law.[13] As part of that reform, the Legislature dealt specifically, and in detail, with appellate review of sentences. MCL 769.34(7)-(12). See *People v Babcock*, 469 Mich 247, 264-270, 273-274; 666 NW2d 231 (2003).

---

obliged to follow the procedure of "scoring" a case on the basis of the circumstances of the offense and the offender, and articulate the basis for any departure from the recommended sentencing range the scoring produced. But because the recommended ranges were not the product of legislative action, a judge was not required to impose a sentence within that range. *People v Hegwood,* 465 Mich 432, 438; 636 NW2d 127 (2001); *People v Raby,* 456 Mich 487, 496-7; 572 NW2d 644 (1998).

[8] MCL 769.34(2), (3).

[9] MCL 769.34(3).

[10] *People v Tanner*, 387 Mich 683, 690; 199 NW2d 202 (1972).

[11] MCL 769.34(2)(b).

[12] MCL 769.34(4).

[13] MCL 769.34(5).

Among the rules stated in MCL 769.34(7)-(12) is the one to which the defendant objects—the Court of Appeals is not to set aside minimum sentences that are within the guidelines and that are based on accurate information. We have not been presented with a persuasive argument that the constitution of this state or of this nation bars the Legislature from enacting such a measure; nor have we located such an argument on our own. Accordingly, we reject the defendant's assertion that the first sentence of MCL 769.34(10) is unconstitutional.[14]

For these reasons, we affirm the judgment of the Court of Appeals. MCR 7.302(G)(1).

Maura D. Corrigan
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

---

[14] The defendant also argues that the circuit court abused its sentencing discretion in imposing this sentence. We reject this argument as well. The fifteen-year maximum sentence is set by law, MCL 750.520c(2) and 769.8(1), and the three-year minimum sentence (at the low end of the range provided in the sentencing guidelines) must be upheld under MCL 769.34(10).