# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JUSTIN DYLAN SMITH,

Defendant-Appellant.

UNPUBLISHED
February 10, 2015

No. 318311
Delta Circuit Court
LC No. 13-008722-FC

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (victim under 13), and was sentenced to 25 years to 40 years under MCL 750.520b(2)(b), which requires a 25-year minimum sentence where an individual who is 17 years old or older commits the offense of CSC I against a victim who is less than 13 years of age. Defendant appeals his sentence, arguing that the minimum sentence violates the separation of powers doctrine. We affirm.

In Michigan, the separation of powers doctrine is set forth in Const 1963, art 3, § 2: "The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Further, the Michigan Constitution directs that "[t]he legislature may provide for indeterminate sentences as punishment for crime and for the detention and release of persons imprisoned or detained under such sentences." Const 1963, art 4, § 45. MCL 750.520b(2)(b) provides that for "a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age by imprisonment for life or any term of years, but not less than 25 years." Statutes are presumed to be constitutional and "courts should construe statutes in such a manner as to render them constitutional." *People v Hayes*, 421 Mich 271, 284; 364 NW2d 635 (1984).

The authority of the Legislature over sentencing is well established. Our Supreme Court has observed that, regarding minimum and maximum penalties, "courts have no discretionary power in this respect unless it be conferred upon them by law. Under its mandate, murder in the first degree is punished by life imprisonment. Courts have no inherent power to modify a statute in this respect to meet exceptional cases." *People v Palm*, 245 Mich 396, 404; 233 NW 67 (1929). Specifically regarding separation of powers challenges, our Supreme Court likewise

-1-

stated the "power to establish sentences historically has resided in the Legislature. The separation of powers clause, Const 1963, art 3, § 2, is not offended by the Legislature delegating sentencing discretion in part and retaining sentencing discretion in part." *People v Hall*, 396 Mich 650, 658; 242 NW2d 377 (1976).

Our Supreme Court and this Court have interpreted Article 4, § 45 to mean that "the ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature." *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001), citing *People v Babcock*, 244 Mich App 64, 68; 624 NW2d 479 (2000). Although defendant is correct that when imposing a sentence the judiciary has discretionary power, this discretion "is limited by the Legislature, which has the power to establish sentences." *People v Conat*, 238 Mich App 134, 147; 605 NW2d 49 (1999). In other words, it is "the responsibility of a circuit judge to impose a sentence, but only *within the limits* set by the Legislature." *Hegwood*, 465 Mich at 437 (emphasis in original). The power to delegate implies the power not to delegate. Thus, the Legislature is constitutionally empowered to designate offenses "with regard to which the judiciary has no sentencing discretion." *People v Garza*, 469 Mich 431, 434; 670 NW2d 662 (2003).

The Legislature has designated CSC I to be an offense over which the judiciary has no sentencing discretion with regard to the minimum sentence to be imposed. This exercise of constitutionally designated authority does not offend the separation of powers doctrine.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter