# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

                Plaintiff-Appellee,

v

JERRY LEWIS GIBSON,

                Defendant-Appellant.

UNPUBLISHED
October 20, 2016

No. 327748
Genesee Circuit Court
LC No. 14-036475-FC

Before: GADOLA, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, and resisting and obstructing a police officer, MCL 750.81d(1). Defendant was sentenced as an habitual offender, fourth offense, MCL 769.12(1)(a), to prison terms of 300 to 600 months (25 to 50 years) for the armed robbery conviction and 60 to 180 months (5 to 15 years) for the resisting and obstructing a police officer conviction. We affirm.

## I. FACTS

This case stems from a robbery that occurred at a Save-A-Lot store in Flint, Michigan. Deshaun Frazier, a store employee, was ringing up a customer's merchandise at the register when he noticed a man, wearing a black hat and a black hooded sweatshirt, standing near one of the refrigerators and staring at him. When Frazier saw that the man was approaching the cash register, he tried to rush through the customer's transaction so that he could close the register drawer as soon as possible. Before Frazier was able to close the drawer, however, the man grabbed the drawer and took out cash totaling $96. Frazier testified that, immediately before grabbing the cash, the man ordered him to "get back," pushed Frazier back with his left forearm, and "with his other hand, he made a—he made a reach like he had a weapon." The police were called after the robber left the store with the money.

Shortly thereafter, two Michigan State Police Troopers saw a man matching the robber's description walking down the street. When the troopers turned their patrol car around and drove toward him, the suspect ran off. Trooper Steven Fisher got out of the patrol car and chased the man on foot. When the suspect saw Fisher, Fisher twice identified himself as a police officer and yelled for the suspect to stop, but the man turned and ran in the opposite direction. Fisher eventually apprehended the suspect, who was hiding behind a bush. Upon his arrest, Fisher found a 10 or 11-inch knife in the suspect's right, rear pocket, and discovered $96 in cash in his

-1-

front pocket. Immediately after being advised that he was being arrested for armed robbery, defendant stated, "How do you know he didn't give that to me," and "I didn't pull a weapon on him." At trial, a customer who observed the robbery identified defendant as the man who robbed the store. In addition, Fisher identified defendant as the man he apprehended.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that his armed robbery conviction was not supported by sufficient evidence because the record lacked objective evidence that he possessed a dangerous weapon during the robbery. We disagree.

When assessing whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748, amended 441 Mich 1201 (1992). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

The armed robbery statute, MCL 750.529, provides the following:

> A person who engages in conduct proscribed under [MCL 750.530[1]] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony punishable by imprisonment for life or for any term of years.

To establish that a defendant committed armed robbery, the prosecutor must prove beyond a reasonable doubt that:

> "(1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon." [*People v Gibbs*, 299 Mich App 473, 490-491; 830 NW2d 821 (2013), quoting *People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007).]

---

[1] MCL 750.530 provides that a person is guilty of robbery if, "in the course of committing a larceny of any money or other property that may be the subject of larceny, [the person] uses force or violence against any person who is present, [or] assaults or puts the person in fear . . . ."

Defendant relies on *People v Jolly*, 442 Mich 458; 502 NW2d 177 (1993), to support his argument that there must be objective evidence that the defendant possessed a weapon or article and that a subjective belief by the victim that a defendant had a weapon is insufficient to support an armed robbery conviction. In *Jolly*, the Court held that "there must be some objective evidence of the existence of a weapon or article before a jury will be permitted to assess the merits of an armed robbery charge." *Id.* at 468. The *Jolly* Court, however, was addressing the former version of the armed robbery statute, which was amended to its current version in 2004.[2] The former version of the statute required that a robber either be armed with a dangerous weapon or possess some article that would lead the person assaulted to reasonably believe it to be a dangerous weapon. The 2004 amendment to the statute added that an armed robbery is also committed if a defendant "(1) orally represents that he has a dangerous weapon, or (2) 'otherwise' represents that he possesses a dangerous weapon." *People v Henry*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 325144); slip op at 4. "For these two alternatives, the victim's fear or belief is irrelevant." *Id.* at ___; slip op at 4.

In the present case, the record contained sufficient evidence to allow a rational jury to conclude beyond a reasonable doubt that defendant both "otherwise" represented that he possessed a dangerous weapon and that he actually possessed a dangerous weapon during the incident. MCL 750.529. Frazier testified that defendant approached the cash register, told Frazier to "get back," pushed Frazier back with his left forearm, and "with his other hand, [defendant] made a—he made a reach like he had a weapon." Frazier explained that defendant reached for his waist on his right side at the same time that he said, "[G]et back," and Frazier demonstrated for the jury the manner in which defendant reached for his waist. Viewed in a light most favorable to the prosecution, the evidence that defendant reached his right hand toward his waist "like he had a weapon," while ordering the victim to "get back," was sufficient to allow the jury to conclude beyond a reasonable doubt that defendant "otherwise" represented that he had a dangerous weapon during the robbery.

Further, the evidence was sufficient to allow a rational jury to conclude that defendant actually possessed a dangerous weapon during the incident. Frazier testified that the police arrived approximately 15 minutes after the incident occurred, and Fisher testified that he located defendant in the area immediately surrounding the Save-A-Lot approximately 15 minutes after receiving the dispatch call. Fisher explained that when he apprehended defendant, he found a "knife sticking out of his right rear pocket." Fisher estimated that the knife had a four-inch handle and a blade that was six or seven inches long. The knife was sufficient to constitute a

---

[2] Before the 2004 amendment, MCL 750.529, as amended by 1959 PA 70, stated the following:

Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years.

dangerous weapon for purposes of the armed robbery statute. See *People v Banks*, 454 Mich 469, 473; 563 NW2d 200 (1997) (noting that an armed robbery occurs if a robber possesses "an article which is in fact a dangerous weapon—a gun, a knife, bludgeon, etc. . . ."). Defendant argues that he did nothing to indicate that he had a knife during the robbery and that no one actually saw a weapon during the incident. However, to convict defendant of armed robbery, the jury needed only to find beyond a reasonable doubt that defendant was armed with a dangerous weapon—not that he brandished or used the weapon in a threatening manner. See *People v Smith*, 478 Mich 292, 319; 733 NW2d 351 (2007); MCL 750.529. Therefore, defendant has not shown that his armed robbery conviction was not supported by sufficient evidence.

### III. SEPARATION OF POWERS

Defendant next argues that MCL 769.12(1)(a) violates the separation of powers clause in the Michigan Constitution because it denies judges sentencing discretion. We disagree. This Court reviews de novo a constitutional claim regarding the separation of powers. *People v Garza*, 469 Mich 431, 433; 670 NW2d 662 (2003). "Statutes are presumed to be constitutional, and the courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011) (quotation marks and citation omitted).

MCL 769.12(1)(a) provides as follows:

(1) If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, whether the convictions occurred in this state or would have been for felonies or attempts to commit felonies in this state if obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under [MCL 769.13] as follows:

(a) If the subsequent felony is a serious crime or a conspiracy to commit a serious crime, and 1 or more of the prior felony convictions are listed prior felonies, the court shall sentence the person to imprisonment for not less than 25 years. Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purposes of this subsection only.

The separation of powers clause in the Michigan Constitution states that "[t]he powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Const 1963, art 3, § 2. By enacting MCL 769.12(1)(a), the Legislature exercised its constitutional authority to provide penalties for criminal offenses. Const 1963, art 4, § 45; see also *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001) ("[T]he ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature."). Alternatively, "[t]he authority to impose sentences and to administer the sentencing statutes enacted by the Legislature lies with the judiciary." *Hegwood*, 465 Mich at 436-437. "However, this sentencing discretion is limited by the Legislature, which has the power to establish sentences." *People v Conat*, 238 Mich App 134, 147; 605 NW2d 49 (1999). Thus, although courts have authority to exercise discretion when

imposing a sentence, the function of the courts is to impose a sentence within the bounds set by the Legislature. *Id.* The Legislature did not violate the separation of powers clause by limiting courts' sentencing discretion in certain circumstances involving habitual offenders. See *People v Hall*, 396 Mich 650, 658; 242 NW2d 377 (1976) ("The separation of powers clause . . . is not offended by the Legislature delegating sentencing discretion in part and retaining sentencing discretion in part."). Accordingly, defendant has not shown that MCL 769.12(1)(a) violates the separation of powers clause.

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens