# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SHANNON GARRETT WITHERSPOON,

        Defendant-Appellant.

UNPUBLISHED
January 16, 2018

No. 334081
Oakland Circuit Court
LC No. 2016-257358-FC

---

Before: TALBOT, C.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction for assault with intent to murder, MCL 750.83. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12(1)(a), to 25 to 50 years' imprisonment. We affirm.

Defendant asserts that his 25-year mandatory minimum sentence, imposed under MCL 769.12(1)(a), unconstitutionally violates the separation of powers clause by restricting or eliminating the trial judge's sentencing discretion. We disagree. "For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). At sentencing, defendant questioned the mandatory 25-year sentence only in the context of the prosecution's unwillingness to offer a plea deal. Because defendant did not raise an objection regarding the constitutionality of the statutorily mandated sentence, the issue is not preserved for appellate review. Unpreserved constitutional issues are reviewed "for plain error affecting [a] defendant's substantial rights." *People v Henry (After Remand)*, 305 Mich App 127, 152; 854 NW2d 114 (2014).

In accordance with MCL 769.12(1)(a), defendant was sentenced to 25 to 50 years' imprisonment for his conviction of assault with intent to commit murder, MCL 750.83. Defendant acknowledges on appeal that his current conviction and prior felony record meet the statutory requirements for the imposition of MCL 769.12(1)(a). Defendant's contention is that the statute is constitutionally infirm because it violates the separation of powers clause by impermissibly restricting or precluding a trial judge's sentencing authority and discretion.

At the outset, we recognize that "[s]tatutes are presumed to be constitutional and must be so construed unless their unconstitutionality is readily apparent." *People v Russell*, 266 Mich

-1-

App 307, 310; 703 NW2d 107 (2005) (citation and quotation marks omitted). The separation of powers doctrine is set forth in Const 1963, art 3, § 2 as follows:

> The powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution.

As explained by this Court, the separation of powers doctrine

> does not mean . . . that all three branches must be kept completely separate, with no overlap of functions or powers. Rather, the evil to be avoided is the accumulation in one branch of the powers belonging to another. Thus, the impetus behind the separation of powers doctrine is that where the whole power of one department is exercised by the same hands which possess the whole power of another department, the fundamental principles of a free constitution are subverted. [*People v Conat*, 238 Mich App 134, 146; 605 NW2d 49 (1999) (citations and quotation marks omitted).]

The Michigan Constitution also addresses criminal sentencing, stating that "[t]he legislature may provide for indeterminate sentences as punishment for crime and for the detention and release of persons imprisoned or detained under such sentences." Const 1963, art 4, § 45. Consequently, "the ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature." *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001); see also *People v Raihala*, 199 Mich App 577, 579 n 1; 502 NW2d 755 (1993) ("[T]he power to establish sentences, including indeterminate sentences, is an exclusively legislative function.").

It is the judiciary, however, that acts to impose criminal sentences and to administer the sentencing statutes that are enacted by the Legislature. *Hegwood*, 465 Mich at 436-437. When imposing a sentence, the judiciary is empowered to exercise discretion. *Conat*, 238 Mich App at 147. "However, this sentencing discretion is limited by the Legislature, which has the power to establish sentences." *Id.*; see also *Hegwood*, 465 Mich at 440 ("[T]he Legislature may impose restrictions on a judge's exercise of discretion in imposing [a] sentence."). "[T]here are offenses with regard to which the judiciary has no sentencing discretion, offenses about which discretion is sharply limited, and offenses regarding which discretion may be exercised under the terms set forth in the sentencing guidelines legislation." *People v Garza*, 469 Mich 431, 434; 670 NW2d 662 (2003).

Defendant is mistaken when he asserts that the minimum mandatory penalty of MCL 769.12(1)(a) violates the separation of powers doctrine because it invades the discretion of trial courts in sentencing. The Legislature, through enactment of MCL 769.12(1)(a), decided to limit the discretion that is available to the sentencing courts. See *Garza*, 469 Mich at 434. The mandatory minimum penalty prescribed by MCL 769.12(1)(a) is merely the result of the Legislature's decision to limit the discretion of the sentencing court and the execution of its constitutional authority to ascertain and fix the penalty for a criminal offense. *Hegwood*, 465 Mich at 436; *Garza*, 469 Mich at 434. Because the Legislature clearly has the constitutional

authority to limit a trial court's sentencing discretion with regard to habitual offenders, defendant's sentence does not violate the separation of powers doctrine.

Next, defendant contends that the imposition of a mandatory 25-year minimum sentence under MCL 769.12(1)(a) is unconstitutional because it amounts to cruel or unusual punishment. Defendant failed to preserve this claim by objecting to the trial court's imposition of the statutorily required 25-year mandatory sentence as cruel or unusual punishment, so we review defendant's challenge "for plain error affecting defendant's substantial rights." *Henry*, 305 Mich App at 152.

MCL 769.12 provides, in relevant part:

(1) If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, whether the convictions occurred in this state or would have been for felonies or attempts to commit felonies in this state if obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter as follows:

(a) If the subsequent felony is a serious crime or a conspiracy to commit a serious crime, and 1 or more of the prior felony convictions are listed prior felonies, the court shall sentence the person to imprisonment for not less than 25 years. Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purposes of this subsection only.

Defendant does not dispute that his current conviction of assault with intent to murder, MCL 750.83, meets the statutory criteria of a "serious crime," or that his prior felony convictions satisfy the statutory requirements of MCL 769.12(1)(a). Rather, he only challenges the constitutionality of the statutory provision, asserting it constitutes cruel or unusual punishment in the circumstances of his case.

As recognized in *Benton*, 294 Mich App at 204:

The Michigan Constitution prohibits cruel *or* unusual punishment, Const 1963, art 1, § 16, whereas the United States Constitution prohibits cruel *and* unusual punishment, US Const Am VIII. If a punishment "passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *People v Nunez*, 242 Mich App 610, 618-619 n 2; 619 NW2d 550 (2000).

"In deciding if punishment is cruel or unusual, this Court looks to the gravity of the offense and the harshness of the penalty, comparing the punishment to the penalty imposed for other crimes in this state, as well as the penalty imposed for the same crime in other states." *People v Bowling*, 299 Mich App 552, 557-558; 830 N2d 800 (2013).

A conviction for assault with intent to murder comprises "a felony, punishable by imprisonment . . . for life or any number of years." MCL 750.83. It is important to initially recognize that defendant's 25-year mandatory minimum sentence does not comprise a departure from the guidelines range of 171 months to 570 months. "A sentence within the guidelines range

is presumptively proportionate, and a proportionate sentence is not cruel or unusual." *Bowling*, 299 Mich App at 558. " 'In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate.' " *Id.*, quoting *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). Defendant is unable to meet this requirement.

In contending that the imposition of the mandatory minimum sentence for his status as a habitual offender is disproportionate to the circumstances of this case, defendant posits that, although his crime was violent, it was the product of defendant's mental illness and beyond his control. Defendant further asserts that it is unlikely that he would commit such a violent crime again and that there is little rehabilitative potential afforded by the sentence. However, defendant's arguments and reasons do not rise to the level of "unusual circumstances" sufficient to overcome the presumption of proportionality. *Bowling,* 299 Mich App at 558.

While defendant has mental health issues, the Forensic Center found him competent to stand trial. At sentencing, defendant implied that his behavior and attack on Smith was attributable to his election to discontinue his prescribed medication and self-medicate through the use of alcohol and illegal drugs. This does not constitute an unusual circumstance, nor serve to defend or excuse defendant's behavior. Defendant voluntarily elected to forego his prescribed medication and self-medicate with illegal drugs and alcohol, and the enactment of MCL 768.37 abolished the use of voluntary intoxication as a defense. Therefore, defendant's contention that he had no control over his mental illness and resultant behavior is meritless.

In addition, defendant has a prolonged and varied criminal history, including numerous drug and alcohol-related offenses, an assault with intent to rob in 1998, and bank robbery in 2009. This history, combined with his use of alcohol and cocaine immediately before the current assault on Smith, does not comport with defendant's assertion that a future violent crime is highly unlikely. Defendant's criminal record serves to demonstrate that he has previously engaged in violent crimes, with the trajectory of those crimes evidencing an increase in severity and violence.

Defendant also asserts that imposition of the mandatory minimum sentence provides little or no opportunity for defendant's rehabilitation. However, defendant commensurately ignores that his extensive criminal history calls into serious question his rehabilitative potential. According to the PSIR, defendant's criminal history or contacts with police initiated when he was 17 years of age; at the time of sentencing, defendant was 47 years old. Despite previous opportunities for probation and parole, defendant has continued and escalated in his criminal behavior, and his use of illegal substances has not abated. "Defendant has failed to demonstrate anything about his rehabilitative potential that overcomes the presumption of proportionality." *People v Powell*, 278 Mich App 318, 324; 750 NW2d 607 (2008). "Because defendant has not overcome the presumption of proportionality, and because a proportionate sentence is not cruel or unusual, defendant has not established a constitutional violation." *Id.*

Further, defendant fails to identify or explain how his crime and criminal history render his sentence to be disproportionate. Defendant acknowledges that his current conviction was the result of a violent assault on Smith, wherein Smith incurred approximately 12 stab wounds. Contrary to defendant's contention, testimony at trial confirms that defendant was the aggressor

in this situation and that no immediately identifiable preceding event could account for his behavior. Defendant has failed to explain or provide this Court with citation to any authority to substantiate that his sentence is "abnormally harsh" when compared to other crimes and other states. *Bowling*, 299 Mich App at 559. "[A]n appellant may not simply announce a position or assert an error and then leave it up to this Court to discovery and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Id.* at 559-560. Further, given the violent nature of defendant's crime and the statutory penalty associated with it of imprisonment "for life or any number of years," MCL 750.83, a minimum sentence of 25 years is not conspicuously disproportionate.

Affirmed.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien