*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

ERNEST COLEMAN,

Defendant-Appellee.

FOR PUBLICATION
March 21, 2019
9:00 a.m.

No. 339482
Wayne Circuit Court
LC No. 2016-006253-03-FC

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LILLIAN ROBERTS,

Defendant-Appellant.

No. 340368
Wayne Circuit Court
LC No. 16-006253-02-FC

Before: GLEICHER, P.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

Ernest Coleman and Lillian Roberts both pleaded guilty to various counts for their roles in the kidnapping, torture, and murder of a 13-year-old boy. In Docket No. 339482, the prosecution appeals the trial court's decision to make Coleman's two-year sentence for possession of a firearm during the commission of a felony (felony-firearm) consecutive only to his one-to-five-year sentence for felon in possession of a firearm rather than consecutive to all his sentences, which included torture and unlawful imprisonment. The trial court did not err and we affirm Coleman's sentences.

In Docket No. 340368, Roberts appeals the trial court's partial denial of her motion to withdraw her plea. Roberts successfully petitioned the court to withdraw her guilty plea to unlawful imprisonment based on the failure of her attorney to accurately advise her of the plea consequences. However, the court denied her request to withdraw her plea as a whole, treating the plea-based convictions as severable. The prosecution concedes the trial court's error. We vacate the trial court's order and remand for further proceedings in this regard.

## I. BACKGROUND

In May 2016, Gregory Walker devised a plan to kidnap and torture a 13-year-old boy who picked up and kept a $50 bill dropped by Walker in a party store parking lot. With the assistance of Coleman and Roberts, Walker dragged the child into his car. The trio tortured the boy for six hours, trying to force him to reveal where his parents lived. Ultimately, Walker choked the child to death. During these events, Walker possessed a handgun and Coleman held the weapon for a period of time. The prosecution charged Walker with first-degree premeditated murder, felony murder, kidnapping, torture, unlawful imprisonment, felony-firearm, and felon-in-possession. He pleaded guilty to second-degree murder, unlawful imprisonment, and felony-firearm. His convictions and sentences are not at issue in this appeal.

The prosecution charged Coleman with kidnapping, torture, unlawful imprisonment, felony-firearm, and felon-in-possession. He pleaded guilty to torture, unlawful imprisonment, felony-firearm, and felon-in-possession. The court sentenced Coleman as a third habitual offender to 12 to 15 years' imprisonment for his torture conviction, 10 to 15 years' imprisonment for his unlawful imprisonment conviction, and 1 to 5 years' imprisonment for felon-in-possession. The court imposed a two-year sentence for felony-firearm to be served "consecutive to all other counts."

Coleman subsequently filed a motion to correct his sentence to make the felony-firearm sentence consecutive only to the predicate felony of felon-in-possession. The trial court agreed that Coleman's felony-firearm sentence should be consecutive only to the felon-in-possession sentence and amended the judgment of sentence accordingly.

The prosecution charged Roberts with felony-murder, kidnapping, torture, unlawful imprisonment, felony-firearm, and felon-in-possession. Roberts pleaded guilty to second-degree murder and kidnapping. At the sentencing hearing, Roberts contended that her plea was defective because her attorney failed to advise her that a defendant convicted of kidnapping a minor must register under the Sex Offender Registry Act (SORA). The parties agreed that Roberts would plead guilty to unlawful imprisonment instead. The court then sentenced Roberts as a fourth-habitual offender to concurrent terms of 24 to 40 years' imprisonment for her convictions.

Roberts later learned that a defendant also must register under SORA for unlawfully imprisoning a minor. She sought to withdraw her plea based on the inaccurate information provided by her counsel. The prosecution agreed with Roberts that the error rendered Roberts's entire plea defective and that it could be withdrawn in its entirety. The trial court, however, severed Roberts's convictions and permitted her to withdraw her guilty plea only as to the unlawful imprisonment charge. After learning that Coleman was also ignorant of the SORA

consequences of his guilty plea, the court sua sponte vacated Coleman's conviction and sentence for unlawful imprisonment as well.

## II. CORRECTION OF COLEMAN'S SENTENCE

In Docket No. 339482, the prosecution challenges the trial court's decision to amend the judgment of sentence to make Coleman's felony-firearm sentence consecutive only to his felon-in-possession sentence. The trial court's decision was based on its interpretation of the felony-firearm statute—MCL 750.227b. We review de novo a trial court's interpretation of a statute. *People v Shenosky*, 320 Mich App 80, 82; 903 NW2d 212 (2017).

MCL 750.227b provides for consecutive sentencing for a felony-firearm conviction, in relevant part, as follows:

> (1) A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . is guilty of a felony and shall be punished by imprisonment for 2 years. . . .

> * * *

> (3) A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

In *People v Harding*, 443 Mich 693, 716; 506 NW2d 482 (1993), abrogated in part by *People v Ream*, 481 Mich 223; 750 NW2d 536 (2008), the Michigan Supreme Court held in a Double Jeopardy case "that a defendant can be charged, convicted, and sentenced for felony-firearm for each felony committed in a spree of criminal activity." But "[a] defendant can be convicted for only one charge of felony-firearm for each convicted felony. Felony-firearm can only attach to individual felonies." *Id*. at 316-317. The Court used the plain language of the felony-firearm statute to hold that if an appellate court vacates a predicate felony, the defendant's attached felony-firearm conviction must also be deemed invalid. *Id*.

In *People v Clark*, 463 Mich 459, 463-464; 619 NW2d 538 (2000), the Supreme Court subsequently described:

> From the plain language of the felony-firearm statute, it is evident that the Legislature intended that a felony-firearm sentence be consecutive only to the sentence for a specific underlying felony. Subsection 2 [now 3] clearly states that the felony-firearm sentence "shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony." It is evident that the emphasized language refers back to the predicate offense discussed in subsection 1, i.e., the offense during which the defendant possessed a firearm. No language in the statute permits consecutive sentencing with convictions other than the predicate offense.

-3-

Mr. Clark had been charged with 15 felonies, including two counts of felony-firearm with underlying felonies of possessing a bomb with unlawful intent. *Id*. at 460-461. The trial court imposed Mr. Clark's felony-firearm sentences "consecutive to all thirteen of the other charges." *Id*. at 462. After explaining that the statutory language required that the felony-firearm sentences be consecutive only to the underlying bomb possession convictions, the Court added a twist that has confused lower courts in the years that followed. In a footnote, the *Clark* Court stated, "At the discretion of the prosecuting attorney, the complaint and the information could have listed additional crimes as underlying offenses in the felony-firearm count, or the prosecutor could have filed more separate felony-firearm counts." *Id*. at 464 n 11.

Despite that the language in *Clark*'s footnote 11 is dicta, many unpublished decisions of this Court have adopted it to hold that a defendant's felony-firearm sentence may be imposed consecutive to multiple other sentences as long as the prosecutor lists the other charges as predicate felonies and the court instructs the jury that multiple felonies underlie the felony-firearm charge.[1]

Other panels of this Court have reached the opposite conclusion. The trial court relied upon *People v Hough*, unpublished per curiam opinion of the Court of Appeals, issued August 18, 2016 (Docket No. 326930), lv den 500 Mich 951 (2017), as that opinion affected a sentence the court had personally imposed. The trial court had made Mr. Hough's felony-firearm sentence consecutive to all his other sentences—carjacking, armed robbery, and resisting arrest. *Id*., unpub op at 1, 4. This Court noted that the felony information alleged that Mr. Hough possessed a firearm while committing carjacking and/or armed robbery, but not resisting arrest. *Id*., unpub op at 4. The prosecutor conceded error and agreed that the felony-firearm conviction should be consecutive only to the predicate felonies of armed robbery and carjacking. *Id*. This Court continued:

> Given that [Mr. Hough] was only charged with and convicted on one count of felony-firearm, it would appear, despite the parties' agreement, that the felony-firearm sentence should run consecutive to only one underlying felony, not both carjacking and armed robbery. The trial court's ruling in the bench trial plainly evidenced a conclusion that a firearm was used in the general transaction encompassing both the carjacking and armed robbery, although the court did

---

[1] See *People v Adams*, unpublished per curiam opinion of the Court of Appeals, issued September 13, 2018 (Docket No. 338654), lv pending; *People v Washington*, unpublished per curiam opinion of the Court of Appeals, issued February 24, 2015 (Docket No. 318941), lv den 498 Mich 905 (2015); *People v Smith*, unpublished per curiam opinion of the Court of Appeals, issued February 15, 2005 (Docket No. 249833), lv den 473 Mich 885 (2005); *People v Southward*, unpublished per curiam opinion of the Court of Appeals, issued August 19, 2004 (Docket No. 249293), lv den 472 Mich 895 (2005); *People v Welch*, unpublished per curiam opinion of the Court of Appeals, issued November 25, 2003 (Docket No. 241083), lv den 471 Mich 950 (2004); *People v Vandeventer*, unpublished per curiam opinion of the Court of Appeals, issued April 23, 2002 (Docket No. 230137), lv den 467 Mich 914 (2002).

speak in terms of the "carjacking" when addressing the felony-firearm charge. Because [Mr. Hough] received concurrent 15-to-25 year sentences for the carjacking and armed robbery offenses, it ultimately makes no difference whether the felony-firearm sentence runs consecutive to one or both crimes. Considering that there was only the one count of felony-firearm, and given the trial court's reference to the carjacking when rendering the felony-firearm verdict, we order a remand to correct the judgment of sentence so as to show that the felony-firearm sentence is consecutive solely in relationship to the carjacking sentence, not the armed robbery or resisting and obstructing sentences. [*Id*., unpub op at 4-5.]

In *People v Palmore*, unpublished per curiam opinion of the Court of Appeals, issued August 20, 2009 (Docket No. 284220), p 2, lv den 485 Mich 1080 (2010), the prosecutor charged Mr. Palmore with felony-firearm based upon three predicate felonies—armed robbery, home invasion, and unlawful imprisonment. The trial court instructed the jury that it could convict Mr. Palmore of felony-firearm based on one or more of the predicate felonies and the jury ultimately convicted him of all four offenses. *Id*. This Court noted, "Since the jury convicted [Mr. Palmore] of all three predicate offenses, it is . . . not clear as to which underlying felony the felony-firearm was linked." *Id*. This Court remanded for the trial court to "revise[]" Mr. Palmore's sentence "so that he serves his sentence for the predicate offense consecutive to the felony-firearm sentence, but serves his sentences for the remaining two felonies concurrently with the felony-firearm sentence." *Id*.

Similarly, in *People v Rocca*, unpublished per curiam opinion of the Court of Appeals, issued January 27, 2009 (Docket No. 280295), p 1, lv den 485 Mich 925 (2009), Mr. Rocca was convicted of various crimes, and the jury was instructed that any one could serve as the predicate felony to felony-firearm. After the trial court ordered that Mr. Rocca's felony-firearm sentence was to be served consecutive to his other sentences, this Court reversed and remanded for a new trial as to the felony-firearm charge. This Court reasoned that the felony-firearm statute only permitted consecutive sentencing with the predicate offense, and that, for the purpose of sentencing, there was "no way for this Court or the trial court on remand to determine which felony the felony-firearm conviction was based upon." *Id*., unpub op at 2.

*Hough*, *Palmore*, and *Rocca* are in line with the plain language of MCL 750.227b, and the Supreme Court's pre-*Clark* holding in *Harding*, and we follow their example. The goal of statutory interpretation is to give effect to the intent of the Legislature by applying the plain and unambiguous language of the statutes the Legislature has enacted. *People v Pinkney*, 501 Mich 259, 268; 912 NW2d 535 (2018). The statute at issue here refers to a singular predicate felony for a felony-firearm conviction. MCL 750.227b(3) provides that a felony-firearm sentence shall be served consecutive with the sentence imposed for "*the* [underlying] felony or attempt to commit *the* felony." (Emphasis added.) " '[T]he' is a definite article." *Robinson v Detroit*, 462 Mich 439, 462; 613 NW2d 307 (2000). When followed by a singular noun, "the" contemplates one subject. See *id*. ("[R]ecognizing that 'the' is a definite article, and 'cause' is a singular noun, it is clear that the phrase 'the proximate cause' contemplates one cause."). A felony-firearm sentence must therefore be served consecutive with the sentence for the one predicate felony.

This conclusion does not conflict with *Clark*. The *Clark* Court noted that the prosecuting attorney in that case "could have listed additional crimes as underlying offenses in the felony-firearm count," but never suggested that the prosecution's introduction of multiple theories of the case means that the ultimate conviction on a single count of felony-firearm, for sentencing purposes, may be tied to multiple predicate felonies. *Clark*, 463 Mich at 464 n 11. If anything, the result in *Clark* suggests the opposite: each felony-firearm sentence in that case was tied to a single, corresponding conviction for possession of a bomb with unlawful intent. *Id*. at 465. The Court held that "[n]o language in the statute permits consecutive sentencing with convictions other than *the* predicate offense," *id*. at 464, and clarified that, where appropriate, the prosecution has the freedom to file multiple, separate felony-firearm counts, *id*. at 464 n 11. Reasonably interpreted, this footnote instructs that had the prosecution listed multiple predicate felonies in the felony information, there might have been options as to which felony would ultimately run consecutive to the felony-firearm sentence. In context, the Supreme Court did not mean to say that *all* of the listed felonies could have run consecutive.

The trial court correctly recognized that Coleman's sentences were rendered invalid by making his felony-firearm sentence consecutive to all his other sentences. The trial court sagely remedied that error. We discern no error in that regard and affirm.[2]

### III. WITHDRAWAL OF ROBERTS'S PLEA

In Docket No. 340368, Roberts challenges the trial court's severance of her unlawful imprisonment conviction and sentence from the remainder of her plea and withdrawal of only that part of her plea. We review for an abuse of discretion a trial court's resolution of a plea-withdrawal motion brought after sentencing. *People v Seadorf*, 322 Mich App 105, 109; 910 NW2d 703 (2017), citing *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016). "A trial court

---

[2] The prosecution alludes to another argument, but fails to fully flesh it out: that Coleman should have been deemed to have waived his challenge to his sentence as he received the exact benefit he negotiated in exchange for his plea. "[T]he ultimate authority to provide penalties for criminal offenses is constitutionally vested in the Legislature," and "the Legislature may impose restrictions on a judge's exercise of discretion in imposing [a] sentence." *People v Hegwood*, 465 Mich 432, 436, 440; 636 NW2d 127 (2001), citing Const 1963, art 4, § 45. The Legislature has the authority "to delegate various amounts of sentencing discretion to the judiciary." *People v Garza*, 469 Mich 431, 434; 670 NW2d 662 (2003). "[T]here are offenses with regard to which the judiciary has no sentencing discretion, offenses about which discretion is sharply limited, and offenses regarding which discretion may be exercised under the terms set forth in the sentencing guidelines legislation." *Id*. at 433. MCL 750.227b removes sentencing discretion from the judiciary, mandating the imposition of a two-year sentence for felony-firearm consecutive to that of the one predicate felony. A felony-firearm sentence that runs consecutive to multiple other felonies or a felony other than the predicate felony would be illegal and invalid. The trial court was not permitted to impose the bargained-for sentence in the first instance.

-6-

necessarily abuses its discretion when it makes an error of law." *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (quotations marks and citation omitted). The trial court in this case abused its discretion by making such a legal error.

A criminal defendant's ability to withdraw a guilty plea after sentencing is limited to cases in which there was a defect in the plea-taking process. *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012); *People v Blanton*, 317 Mich App 107, 118; 894 NW2d 613 (2016). The failure to accurately inform a defendant of the consequences of his or her plea can lead to a defect in the plea-taking process because the defendant may not have been capable of making an understanding plea. *Brown*, 492 Mich at 694. See MCR 6.302(A) ("The court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate.").

All agreed below that there was a defect in the plea-taking process as no one informed Roberts that her conviction of unlawfully imprisoning a minor would require her to register under SORA. This Court has specifically held that "[t]he failure to inform a pleading defendant that the plea will necessarily require registration as a sex offender affects whether the plea was knowingly made." See *People v Fonville*, 291 Mich App 363, 392; 804 NW2d 878 (2011).

However, the trial court abused its discretion by denying Roberts's motion to withdraw her plea in its entirety. In *Blanton*, 317 Mich App at 121, no one informed Mr. Blanton before he pleaded guilty that his sentence for felony-firearm would run consecutive with his sentence for his underlying conviction. Despite that this failure of information did not relate to Mr. Blanton's convictions and sentences for his other two charges, this Court held that the defect rendered the entire plea unknowing. Based upon the plain language of the applicable court rules—MCR 6.302 and MCR 6.310—and persuasive extra jurisdictional authority, this Court adopted a general rule that, "when the objective circumstances indicate an intent by the prosecution and the defendant to treat a plea agreement to multiple charges as a 'package deal,' the plea agreement is indivisible and the defendant is permitted upon showing a defect, to withdraw the plea in its entirety, even when the defect pertains to only one charge." *Id*. at 122, 124 (citations omitted).

Roberts's plea was clearly intended as a package deal. Roberts pleaded to multiple charges at the same time, some charges were dropped in exchange for her plea, the charges and the plea agreement were described in singular documents, and the plea was accepted in a single proceeding. See *id*. at 126. Accordingly, Roberts should have been afforded the right to withdraw her *entire* plea based upon the defect in the plea-taking process. The trial court abused its discretion in severing the plea against Roberts's wishes. We must vacate the trial court's order denying in part Roberts's motion to withdraw her plea and remand to allow Roberts to withdraw her plea in its entirety if she still so desires.[3]

---

[3] We note that when the trial court sua sponte vacated Coleman's unlawful imprisonment conviction and sentence, it improperly divided Coleman's package plea deal as well. Coleman

-7-

We affirm in Docket No. 339482 and vacate and remand for further proceedings in Docket No. 340368.  We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica

---

did not join Roberts's challenge on appeal and we therefore have no ground to disturb his remaining convictions and sentences.