*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTOPHER MICHAEL DEWEESE,

        Defendant-Appellant.

UNPUBLISHED
April 15, 2026
11:47 AM

No. 372756
Livingston Circuit Court
LC No. 2023-028134-FH

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

Defendant appeals by right his mandatory minimum sentence of 25 years' imprisonment as a fourth-offense habitual offender, MCL 769.12(1)(a), following his jury-trial convictions of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, two counts of third-offense domestic violence, MCL 750.81(2) and (5), unlawful imprisonment, MCL 750.349b, and obstruction of justice, MCL 750.505. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant placed his hand around his girlfriend's throat and held her against the wall while she was attempting to leave her house. She called the police, which led to defendant's arrest. The felony information indicated that he was subject to a mandatory minimum 25-year term of incarceration under MCL 769.12(1)(a) because of his criminal history and the nature of his current charges.

A jury convicted defendant as described. During his sentencing, defendant argued that the mandatory 25-year minimum sentencing requirement was an unconstitutional exercise of legislative power because it left the trial court no discretion when sentencing. The trial court determined that the 25-year mandatory minimum prison sentence was proportionate in this case because defendant had many previous felony convictions, most of which contained an assaultive element, and because of the nature of his most recent criminal conduct. It sentenced him as previously described, and this appeal followed.

## II. CRUEL OR UNUSUAL PUNISHMENT

Defendant does not argue that MCL 769.12 does not apply to him. Rather, defendant challenges the constitutionality of the mandatory 25-year minimum sentence for his AWIGBH conviction on the basis that the sentence was cruel or unusual punishment. We disagree.

### A. STANDARD OF REVIEW

"To preserve a claim that the defendant's sentences were unconstitutionally cruel or unusual, the defendant must raise the claim in the trial court." *People v Burkett*, 337 Mich App 631, 635; 976 NW2d 864 (2021). In this case, the issue whether defendant's sentence was cruel or unusual punishment is unpreserved because defendant did not raise that argument in the trial court. Unpreserved constitutional issues are reviewed for plain error affecting substantial rights. *Id*. at 643. "To establish entitlement to relief under plain-error review, the defendant must establish that an error occurred, that the error was plain, i.e., clear or obvious, and that the plain error affected substantial rights." *People v Lockridge*, 498 Mich 358, 392-393; 870 NW2d 502 (2015). "Reversal is warranted only when the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings independently of the defendant's innocence." *Id*. at 393.

"Legislatively mandated sentences are presumptively proportional and presumptively valid. In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *Burkett*, 337 Mich App at 637 (quotation marks and citations omitted).

### B. ANALYSIS

"The Michigan Constitution prohibits cruel or unusual punishment, Const 1963, art 1, § 16, whereas the United States Constitution prohibits cruel *and* unusual punishment, US Const, Am VIII. If a punishment passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *Burkett*, 337 Mich App at 636 (quotation marks and citations omitted). "[U]nder the Michigan Constitution, the prohibition against cruel or unusual punishment include[s] a prohibition on grossly disproportionate sentences." *Id*. (quotation marks and citation omitted; alterations in original).

Our Supreme Court has adopted a four-part test to determine whether a sentence is cruel or unusual:

> (1) the severity of the sentence imposed compared to the gravity of the offense, (2) the penalty imposed for the offense compared to penalties on other offenders in Michigan, (3) the penalty imposed for the offense in Michigan compared to the penalty imposed for the same offense in other states, and (4) whether the penalty imposed advances the penological goal of rehabilitation. [*People v Stovall*, 510 Mich 301, 314; 987 NW2d 85 (2022).]

Although one consideration may weigh against the sentence imposed, other considerations weighing in favor of the sentence "may suffice to deflect a cruel and unusual punishment challenge." *People v Fernandez*, 427 Mich 321, 339; 398 NW2d 311 (1986).

The challenged statute, MCL 769.12, provides, in relevant part, as follows:

> (1) If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, whether the convictions occurred in this state or would have been for felonies or attempts to commit felonies in this state if obtained in this state, and the person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter as follows:

> (a) If the subsequent felony is a serious crime or a conspiracy to commit a serious crime, and 1 or more of the prior felony convictions are listed prior felonies, the court shall sentence the person to imprisonment for not less than 25 years. Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purposes of this subsection only. [MCL 769.12(1)(a).]

Defendant does not dispute that MCL 769.12(1)(a) applies to his conviction for AWIGBH. He only challenges the constitutionality of the statute, but he does not identify whether he is raising a facial or an as-applied challenge.

In *Burkett*, 337 Mich App at 638-639, 642, this Court addressed a facial challenge to the constitutionality of MCL 769.12(1)(a) and concluded that "the minimum sentence mandated by MCL 769.12(1)(a) is neither cruel nor unusual." We are bound by this precedent, so any facial challenge necessarily fails. See MCR 7.215(C)(2) and (J)(1); *People v Bennett*, 344 Mich App 12, 21; 999 NW2d 827 (2022) ("This Court is bound to follow its own published opinions under the rule of stare decisis . . . .").

Even as an as-applied challenge, defendant is not entitled to relief because his arguments mirror the arguments that this Court rejected in *Burkett*, 337 Mich App at 638-642. Regarding the first and second *Stovall* factors, defendant argues that the 25-year mandatory minimum prison sentence for fourth-offense felony convictions under MCL 769.12(1)(a) closely resembles the mandatory sentencing schemes challenged in *People v Lorentzen*, 387 Mich 167, 181; 194 NW2d 827 (1972), and *People v Bullock*, 440 Mich 15, 30; 485 NW2d 866 (1992). The *Burkett* Court distinguished both of those mandatory sentences from MCL 769.12(1)(a). *Burkett*, 337 Mich App at 639. The statutes in *Lorentzen* and *Bullock* imposed penalties for nonviolent drug crimes, but MCL 769.12(1)(a) requires a showing of extensive and serious past criminal activity because it "only applies to individuals convicted of *three or more* felonies." *Id*. Defendant's case presents no unusual circumstances that would render the 25-year minimum sentence disproportionate to his offense or to other offenders in Michigan. He had 12 previous felony convictions before this case, including an AWIGBH conviction and multiple convictions for domestic violence. These new convictions further demonstrated a pattern of violent behavior and disregard for the law.

The third factor requires this Court to compare the statute's penalty to the penalty imposed in other states for the same offense. *Stovall*, 510 Mich at 314. Defendant argues that MCL 769.12(1)(a) is comparatively harsher to other habitual-offender statutes, referencing California's three-strikes law and the United States Supreme Court's decision upholding it as constitutional in *Ewing v California*, 538 US 11, 29-31; 123 S Ct 1179; 155 L Ed 2d 108 (2003).

But *Burkett* held that MCL 769.12(1)(a) was not abnormally harsh in comparison to California's three-strikes law because both laws shared a common legislative intent to remove recidivist felons from the community by subjecting them to dramatically enhanced sentences. *Burkett*, 337 Mich App at 641-642. In other words, "Michigan, like California, has an interest in incapacitating and deterring recidivist felons[.]" *Id*. at 642 (quotation marks and citation omitted; alteration in original). Any differences between MCL 769.12(1)(a) and California's three-strikes law do "not compel the conclusion that MCL 769.12(1)(a) is unconstitutional." *Id*.

The fourth factor concerns "whether the penalty imposed advances the penological goal of rehabilitation." *Stovall*, 510 Mich at 314. On this factor, the only difference between defendant's arguments and the defendant's argument in *Burkett* is that defendant highlights that he displayed remorse for his actions and was taking steps toward rehabilitating himself. But those mitigating circumstances did not require a less severe sentence. The trial court noted the brutality of defendant's conduct in this case, emphasizing that the offense occurred while he was on parole for a previous AWIGBH conviction that also involved strangulation and that he now had four convictions for third-offense domestic violence. Defendant's extensive criminal history indicates that previous attempts at rehabilitation have been unsuccessful and that he likely would not benefit from additional opportunities for rehabilitation while on parole. But even with a 25-year sentence, rehabilitation and release are still possible. See *People v Adamowicz*, 346 Mich App 213, 230; 12 NW2d 35 (2023) (noting that rehabilitation is theoretically possible even for a sentence of life imprisonment without parole).

The imposition of the 25-year minimum sentence in this case "reflects a rational legislative judgment, entitled to deference, that offenders who have committed serious or violent felonies and who continue to commit felonies must be incapacitated." *Burkett*, 337 Mich App at 642 (quotation marks and citation omitted). After balancing the *Stovall* factors, we conclude that defendant has failed to present any unusual circumstances to overcome the presumption that his sentence was proportionate. See *Burkett*, 337 Mich App at 642. Therefore, the trial court did not err by imposing the 25-year mandatory minimum sentence, and we conclude that it was not cruel or unusual punishment as applied to defendant.

### III. SEPARATION OF POWERS

Defendant next argues that MCL 769.12 violates the separation-of-powers doctrine. We disagree.

### A. STANDARD OF REVIEW

This Court reviews de novo whether a statute violates the constitutional principle of separation of powers. *People v Garza*, 469 Mich 431, 433; 670 NW2d 662 (2003). "Statutes are presumed to be constitutional and must be so construed unless their unconstitutionality is readily apparent." *People v Russell*, 266 Mich App 307, 310; 703 NW2d 107 (2005) (quotation marks and citation omitted).

### B. ANALYSIS

The separation-of-powers doctrine is found in the Michigan Constitution, which provides that "[t]he powers of government are divided into three branches: legislative, executive and

judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Const 1963, art 3, § 2. "The true meaning [of the separation-of-powers doctrine] is that the whole power of one of these departments should not be exercised by the same hands which possess the whole power of either of the other departments; and that such exercise of the whole would subvert the principles of a free Constitution." *People v Cameron*, 319 Mich App 215, 232-233; 900 NW2d 658 (2017) (quotation marks and citation omitted; alteration in original).

Here, defendant contends that MCL 769.12(1)(a) unconstitutionally removes the judicial branch's ability to exercise discretion when imposing criminal sentences. This argument is misplaced. Our Constitution already provides for such legislative power: "The legislature may provide for indeterminate sentences as punishment for crime and for the detention and release of persons imprisoned or detained under such sentences." Const 1963, art 4, § 45. Therefore, "the ultimate authority to provide for criminal offenses is constitutionally vested in the Legislature." *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001).

"The authority to impose sentences and to administer the sentencing statutes enacted by the Legislature lies with the judiciary." *Id.* at 437. When imposing a sentence, the judiciary may exercise discretion within the limits imposed by the Legislature. *People v Conat*, 238 Mich App 134, 147; 605 NW2d 49 (1999). See also *Hegwood*, 465 Mich at 440. The Legislature has the authority to "delegate various amounts of sentencing discretion to the judiciary. . . . [T]here are offenses with regard to which the judiciary has no sentencing discretion, offenses about which discretion is sharply limited, and offenses which discretion may be exercised under the terms set forth in the sentencing guidelines legislation." *Garza*, 469 Mich at 434.

MCL 769.12(1)(a) is the type of mandatory sentencing statute that sharply limits judicial discretion because a court is required to impose a minimum 25-year term of imprisonment if the defendant meets the statutory requirements. Therefore, this statute operates comfortably within the exercise of separate powers contemplated by the Michigan Constitution. As stated earlier, defendant does not dispute that he fits the statutory criteria of MCL 769.12(1)(a). He offers no alterative interpretation of express constitutional text that justifies parting from well-established precedent interpreting the Legislature's authority to limit judicial discretion in sentencing matters. *Hegwood*, 465 Mich at 440. Accordingly, MCL 769.12(1)(a)'s 25-year mandatory minimum sentence does not violate the separation-of-powers doctrine.

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Mark T. Boonstra
/s/ Anica Letica